## Rowe and Another *v.* Lewis and Another.

TRUSTS AND POWERS.—A deed conveying real estate to trustees to secure the payment of bonds of the grantor, put in circulation for the purpose of

borrowing money, vests the legal title in the trustees, and a power to convey contained in such deed is coupled with an interest.

SAME.—In such case the law requires only a substantial compliance with the terms of the power.

SAME.—A railroad company conveyed forty-four tracts of land, each numbered, described, and valued, to trustees, to secure the payment of bonds amounting in the aggregate to seventy-five thousand dollars, put upon the market to raise money, reserving the right in the company to sell any portion of the land at the valuation thereof, and upon the surrender to the trustees of bonds to the amount of the land sold by the company, the former were empowered to convey the land in fee.

*Held,* that this was a power coupled with an interest, and that the surrender of bonds to the trustees to an amount equal to the valuation of the land so sold was a substantial compliance with the terms of the power.

HARMLESS ERROR.—A trial of the issues of fact pending an issue of law on a demurrer to an immaterial paragraph of a reply is a harmless error.

APPEAL from the Delaware Circuit Court.

GREGORY, J.—Suit by the appellants against the appellees to "recover real property." The complaint is in the statutory form, averring a legal title to the possession.

The defendants answered, that on the 1st of September, 1853, "The Cincinnati, New Castle and Michigan Railroad Company," for the purpose of borrowing money with which to build her road, issued bonds to the amount of seventy-five thousand dollars; and, for the purpose of securing the payment of said bonds, by a deed of trust and mortgage, a copy of which is made a part of the answer, conveyed to Thomas J. Sample and Thomas Corwin real estate, including the lands in suit, to the value, as appraised in said mortgage and deed of trust, of ninety-three thousand dollars; that it was agreed and provided in said deed, that whenever said company should sell any portion of said lands, and surrender to said trustees an amount of said bonds so issued and secured equal to the value of the portion of said lands so sold as appraised in said deed of trust, said trustees should execute a conveyance in fee simple for said lands so sold to the purchasers designated by said company, and said bonds should be canceled and destroyed; that the name of said corporation was afterwards legally changed to that of "The Cincinnati and Chicago Railroad

Company," and the latter invested with all the rights and powers of the former corporation; that the lands in suit were appraised in said mortgage at the sum of two thousand three hundred dollars, and the south half of the northeast quarter of section 22, town 21 north, range 10 east, in said county, embraced therein, was appraised at one thousand seven hundred dollars, as appears therein; that afterwards, to wit, on the 15th day of July, 1858, said last corporation sold said lands in controversy to David B. Lupton, for the said sum of two thousand three hundred dollars, who delivered to said corporation two thousand three hundred dollars in amount of said bonds, so secured, and also sold to said Lupton the last tract above mentioned, for said sum of one thousand seven hundred dollars, and he surrendered to said company the amount of the bonds so secured, as above stated, all of which bonds said company, to the amount of four thousand dollars, then and there delivered to said trustees, and the same were by them canceled and destroyed, and thereupon said trustees executed and delivered to said Lupton a conveyance in fee simple for all said land, and said corporation also at the same time executed a like deed to said Lupton; and afterwards, on the 23d day of July, 1858, said Lupton sold and conveyed said land in controversy to said Lewis, defendant, by deed in fee simple, copies of each of which are made parts of the answer; and afterwards, to wit, on the 3d day of January, 1861, there was rendered in said court, in favor of said plaintiffs, and against said corporation and said trustees, judgment of foreclosure of said mortgage upon a portion of said bonds so secured, not including those so delivered up and canceled as above stated, with an order directing the sale of all of said lands embraced in said mortgage, excepting from said judgment of foreclosure and order of sale all of said lands that had been purchased with bonds secured by said deed of trust, in the manner the lands in controversy were purchased by said defendant as above stated, a copy of which decree is made a part of the answer; that afterwards, on the

1st of July, 1862, a copy of said judgment and order was duly issued by the clerk of said court, directed to the sheriff of said county, who afterwards, on the 20th of August, 1862, sold thereon the lands in controversy, at public auction, to the plaintiffs, at the court house door of said county, after due notice of time and place, and thereupon executed to the plaintiffs a deed for the same, which sale and deed constitute the only title or claim of title either to said lands or the possession thereof, or any portion of the same, which the plaintiffs then or ever had; that neither the defendants nor said Lupton were parties to, or had any notice of said judgment of Rowe and Bates against said trustees and said company. Lewis asked that his title be quieted, and for all other proper relief.

The trust mortgage made a part of the answer was the same mentioned in *Rowe and Another* v. *Beckett and Another*, at this term. The deed from the trustees to Lupton is the same in form as that from the trustees to James Sample. Lupton conveyed the land to Lewis, July 23d, 1858, by a deed of bargain and sale, with this covenant: " The grantor hereby covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear, free, and unincumbered, and that he will warrant and defend the same against all claims whatever."

The appellants demurred to the answer, for the following grounds of objection : 1. The said answer does not state facts sufficient to constitute a defense to the action. 2. Each of the several parts of said answer is not stated with sufficient certainty and definiteness. 3. Each of the several parts of said answer is matter that the defendants are estopped to set up in defense of this action.

The demurrer was overruled, and the plaintiffs excepted. The case went to issue, and was tried by the court; finding for the defendants. A motion for a new trial was overruled.

The questions involved in this case are raised by the demurrer to the answer. With two exceptions they are the same as those involved in *Rowe and Another* v. *Beckett and*

*Another, supra.* We hold that the power in the trustees to convey was coupled with an interest, or, in other words, was coupled with the legal title; and that the law in such case only requires a substantial compliance with the terms of the power; that the surrender of bonds to the trustees, to be canceled, to an amount equal to the valuation of the land conveyed, was the substantial thing required to be done; that it was immaterial how the railroad company obtained the bonds, whether with money or a sale of the land conveyed. The surrender and cancellation of bonds equal in amount to the valuation of the land conveyed inured to the benefit of the holders of the residue of the bonds. The valuation of the land was greater than the amount of the bonds issued. The surrender of a part increased the security of the remainder. The reply that Lupton was secretary of the railroad company at the time of the conveyance to him was immaterial, and the appellants cannot complain of the error of the court in trying the issues of fact pending an issue of law on a demurrer to that reply. The appellants were not injured by the error.

The judgment is affirmed, with costs.

*J. Smith, C. E. Shipley, A. Kilgore, J. Davis,* and *C. Fox,* for appellants.

*T. J. Sample* and *W. March,* for appellees.