## GLENDY ET AL. *v.* LANNING.

MORTGAGE.— *Action to Quiet Title against.—Right of Mortgagor to Convey Part of Mortgaged Premises, on Surrender of Part of Debt.—Railroad*

Glendy *et al. v.* Lanning.

*Bonds.*—In an action to quiet title to land, as against a mortgage thereon executed by a railroad company prior to the conveyance thereof to the plaintiff, the complaint alleged that such mortgage, in the nature of a deed of trust, had been executed to secure the payment of certain bonds executed by the mortgagor, and covered other tracts as well as the one in question : that it contained a stipulation that, on the surrender of a certain amount in such bonds, conveyance should be made by the mortgagor of a certain quantity of such lands ; that the plaintiff's grantor had accordingly surrendered to the mortgagor the necessary amount in bonds, and received from the latter a conveyance in fee-simple of the lands in question ; that the plaintiff then became owner thereof in fee-simple ; and that subsequently such mortgage had been foreclosed by the holder of other of such bonds, in an action to which the plaintiff was not made a party, and such holder is claiming some interest under such foreclosure.

*Held*, on demurrer, that the complaint is sufficient, but that, as such mortgage is not made part thereof, it can not be construed.

SAME.—*Evidence.*—*Admissions.*—The deed of conveyance of such lands, executed by the mortgagor to the plaintiff's grantor, reciting the conditions of the mortgage authorizing the sale, was given in evidence, over objection, accompanied by the defendant's admissions that such grantee had conveyed to the plaintiff, and that such deed was duly made on the surrender of the proper amount in bonds.

*Held*, that the evidence was competent.

NEW TRIAL.—*Ruling on Demurrer.*—A ruling upon a demurrer is not ground for a new trial.

From the Blackford Circuit Court.

*W. A. Bonham, J. Cantwell, J. Brownlee* and *H. Brownlee,* for appellants.

*W. H. Carroll,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellants, to quiet the appellee's title to certain real estate in Blackford county, Indiana, particularly described in his complaint, and to obtain a perpetual injunction, as therein prayed for.

The appellants' demurrer to the complaint having been overruled by the court, and their exception entered to this ruling, they jointly answered by a general denial of the complaint. The cause was tried by the court, and a finding was made for the appellee; and

thereupon the court rendered judgment, in accordance with the prayer of appellee's complaint. The appellants' motion for a new trial was overruled, and to this decision they excepted, and appealed to this court.

They have here assigned, as errors, the following decisions of the circuit court:

1. The overruling of their demurrer to appellee's complaint;

2. The overruling of their motion for a new trial; and,

3. In rendering judgment for an injunction.

We will consider and decide the questions arising under these alleged errors, in the order of their assignment.

1. In his complaint, the appellee alleged, in substance, that, on the 25th day of August, 1856, The Fort Wayne and Southern Railroad Company, by its deed of general warranty, conveyed to appellee's vendor, Thomas E. Hastings, the real estate in Blackford county, Indiana, described as the east half of the north-east quarter of section eight, in township twenty-three north, of range ten east; that, before that time, to wit, on the 13th day of June, 1854, the said railroad company executed a mortgage to the appellant John D. Defrees, as trustee, to secure the payment of certain bonds to be issued and sold by said Defrees, which mortgage covered the above described real estate, among other lands so mortgaged; that it was agreed in the said mortgage, and in each of the bonds secured thereby, that the said company would deed in fee-simple to the holder of any of said bonds, at any time such holder might elect within five years, one thousand dollars worth of such real estate, described in said mortgage; that the said real estate, above described as belonging to the appellee, was conveyed to said Thomas E. Hastings, under whom appellee held, in consideration of the surrender of certain of said bonds, the

same being not less than the amount of one thousand dollars so secured by said mortgage, within the said period of five years, according to the said agreement and stipulations in said mortgage; that at the December term, 1877, of the Blackford Circuit Court, the appellant Glendy, pretending to own one of the said bonds, obtained a decree of foreclosure against the appellant Defrees, without making the owners of said real estate parties to said suit, and an order for the sale of said real estate; that the appellant John Saxon, as sheriff of said county, was threatening and about to sell said real estate from the appellee, to his irreparable damage. Wherefore the appellee asked that his title to said real estate be forever quieted and confirmed, and that the said mortgage be declared satisfied as to his real estate above described; that the sheriff of said county be forever enjoined from selling or disposing of his said real estate, on such pretended decree of foreclosure, and for other proper relief.

To this complaint the appellants jointly demurred, upon the following grounds of objection:

1st. For the alleged insufficiency of the facts therein to constitute a cause of action;

2d. For a defect of parties defendants, in this, that the Fort Wayne and Southern Railroad Company was not made a defendant, nor was any reason assigned why said company was not made a defendant.

No point is made by the appellants' counsel, in argument, on the second ground of demurrer, and, therefore, this objection to the complaint need not be further noticed. The mortgage executed by the Fort Wayne and Southern Railroad Company to the appellant John D. Defrees, as trustee, was not made a part of the appellee's complaint in this action, but the entire argument of the appellants' counsel in discussing the alleged insufficiency of the complaint is devoted to the construction of that

mortgage. The question discussed is not presented by the demurrer to the complaint for the want of sufficient facts; and it can hardly be expected that this court will attempt to construe, interpret or give the legal effect of the terms and stipulations of a mortgage or deed of trust which has not been set out in nor made a part of a pleading, upon a demurrer thereto for the want of facts.

Appellants' counsel say in their brief of this cause, that "this deed of trust is similar to the deeds referred to in *Rowe* v. *Beckett*, 30 Ind. 154, and in *Rowe* v. *Lewis*, 30 Ind. 163." This may be true in fact, but, if it is, the complaint does not show it, and in determining the sufficiency of the complaint, on the demurrer thereto, in this case, we can consider only the facts alleged therein. It seems to us, from our examination of the appellee's complaint, that the facts stated therein were sufficient to constitute a *prima facie* cause of action in his behalf against the appellants and each of them, and, on their demurrer thereto, this was all that was necessary. The court did not err in overruling the demurrer to the complaint.

2. The first cause for a new trial, assigned by the appellants in their motion therefor, was the alleged error of the court, in overruling their demurrer to appellee's complaint. This was not a proper cause for a new trial, and its assignment as such presented no question for the consideration or decision either of the circuit court or of this court. This point was long since settled by the decisions of this court. The rulings of the circuit court upon the pleadings in a cause, whether made upon demurrers or motions, do not in any event constitute proper reasons or causes for a new trial, in a motion therefor. *Tucker* v. *Call*, 45 Ind. 31; *Hamilton* v. *Elkins*, 46 Ind. 213; and *Bowman* v. *Phillips*, 47 Ind. 341.

The second cause assigned for a new trial, in the appellants' motion, was alleged errors of law, occurring at the

trial.   The first of these supposed errors of law, specified in  said motion, was that the  court  erred in admitting in evidence the deed from  the  Fort  Wayne  and  Southern Railroad Company to Thomas E. Hastings, for the reasons stated in the bill of exceptions.   These reasons were, that the deed in question was not evidence against the appellant Defrees, as  trustee, and  the  appellant  Glendy,  as  bond-holder, of the facts therein stated, except as  to  the  conveyance of the land.   " Defendants also objected to  that part of said deed stating that said railroad  company  had surrendered bonds for said  land ; also, for  the  reason  that said railroad company had no right to convey said lands, for the reason that the title was in Defrees, trustee, and for the reason that said record of said deed was not legal evidence that said railroad company  had  complied  with  the conditions and stipulations  specified in  the  deed  of trust from said railroad company to Defrees, and for the  reason that said deed did not describe the land  in  controversy." Each and all of these  objections  were  overruled  by the court, and the deed was  admitted in evidence, as  follows :

"  This indenture, made this twenty-fifth day of August, 1856, witnesseth, that, whereas the Fort Wayne and Southern Railroad Company, a corporation  duly  constituted as such by the laws of the State of Indiana, on the thirteenth day of  June, 1854, executed to John D. Defrees a deed of trust for certain lands belonging to  said  company, to  secure the payment of certain real estate bonds of the company, for $1,000 each, with an  agreement  to deed  in  fee-simple, with  warranty, to the holder of any of said bonds, when he may elect to receive the  same, at  any time within five  years from  the  date of said deed of trust, one thousand dollars worth of  the  real  estate described in the schedule of lands annexed thereto, at such  sale prices  not less  than  four-fifths of the  appraised  value,  as  may be fixed by said company from time to time, upon  the  sur-

render of said bond and the unpaid interest-warrants to the treasurer of said company; and whereas said company has authorized the president of said company to sell any of said lands to the holder or holders of any of said bonds, at any price not less than four-fifths of the appraised value; and whereas Thomas E. Hastings, of New York, a holder of three of said bonds, numbered 45, 58 and 18, for the sum of one thousand dollars each, has elected to receive therefor, in pursuance of said agreement, the real estate hereinafter described, at the price of three thousand dollars, that being about four-fifths of the appraised value thereof, and has surrendered said bonds and the unpaid interest-warrants to the treasurer of said company; now, therefore, this indenture witnesseth, that the said Fort Wayne and Southern Railroad Company, in consideration of the premises aforesaid and of the surrender of said bonds and interest-warrants, hereby conveys and warrants to the said Thomas E. Hastings, and to his heirs and assigns forever, the following described real estate: fifty-six and $\frac{81}{100}$ acres off of the south side of the northwest quarter of section ten (10), town twenty-four (24), range eleven (11) east; also, the south half of the northeast quarter of section nine (9), township twenty-four (24), range eleven (11) east; also, the east half of the northeast quarter of section eight (8), town twenty-three (23), range ten (10) east, estimated to contain $216\frac{81}{100}$ acres in all, more or less, situated in Blackford county, Indiana; to have and to hold," etc.

This deed was signed by the president, and attested by the secretary, of said railroad company, and had its corporate seal thereunto affixed; and its execution was acknowledged by the president of said company, before a notary public of Clark county, Indiana, on the 22d day of November, 1856.

After the admission of this deed in evidence, over their

objections and exceptions, the appellants admitted, on the trial of the cause, that the said Hastings conveyed said land to the appellee, who then held and claimed the same, and the title thereof, under and by said deed alone; that said railroad company never owned any land in section 8, town 23 north, of range 10 east, except the land specified in appellee's complaint, and that said land was sold to said Hastings for full four-fifths of its appraised value.

This was all the evidence given in this cause, upon which the court made its finding for the appellee, that the real estate described in his complaint was by the Fort Wayne and Southern Railroad Company duly conveyed to said Thomas E. Hastings, free from said mortgage mentioned in said complaint, and that said real estate was by said Hastings conveyed to the appellee, who was then entitled to hold said real estate free from said mortgage or deed of trust.

Appellants' counsel say, in their brief of this case, that " the appellee offered, on the trial, the record of the deed of trust, which included the land in controversy; " but the bill of exceptions fails to show that any such offer was made, and it is certain that a copy of said mortgage or deed of trust is not to be found in the record of this cause. In the outset of their brief, counsel say : ." There are about forty cases like this—this is to determine all." If those forty cases, or any of them, should ever be brought to this court, on appeal, we may be excused, we trust, for expressing the hope that the records thereof will not be in such an imperfect and unfinished condition as is the record in the case now before us. The object of this appeal, as we understand it, is to obtain from this court its construction of the force and effect of the language used in the mortgage or deed of trust. It is sometimes difficult to arrive at and determine the true intent and

meaning of a written instrument, when the same is set out at length in the record; but where, as in this case, the writing to be interpreted and construed, by accident or otherwise, has been entirely omitted from the record, we need hardly say that this difficulty is very largely enhanced.

In the case at bar, as we have already seen, the appellants' counsel have informed us, in argument, that "this deed of trust is similar to the deeds referred to in *Rowe* v. *Beckett,*" *supra,* and in *Rowe* v. *Lewis, supra.* In this view of the mortgage or deed of trust, in this case, it seems to us, although the instrument in question is not properly before us, that counsel are probably mistaken. By reference to the cases cited, it will be seen that this court therein gave a construction to a certain mortgage or deed of trust, executed by "The Cincinnati, New Castle and Michigan Railroad company" to Thomas Corwin and Thomas J. Sample, trustees, on certain parcels of real estate, to secure the payment of certain bonds issued by the company and put upon the market. It appears from the opinions of the court in those cases, that it was stipulated in that mortgage or deed of trust, that the railroad company might sell any part of the lands mortgaged at a price not less than its appraised value, and that when said company should surrender to said trustees an amount of its bonds, secured by the mortgage, equal to the appraised value of the property sold, to be cancelled, then the said trustees should execute and deliver to the person or persons designated by said company, a deed in fee-simple of the property so sold. In each of the cases cited it was decided, and we think correctly so, that a deed executed by the said trustees, in substantial compliance with the foregoing stipulation of said deed of trust, was sufficient to vest in their grantee therein the legal title to the land described in their deed.

In the case of *Clegg* v. *Fithian,* 32 Ind. 90, the appellee

claimed to be a purchaser from the said Fort Wayne and Southern Railroad Company of a certain block of land in the city of Jeffersonville, in Clark county, Indiana, covered by the same mortgage or deed of trust, executed by said company to said John D. Defrees, as trustee, to secure the payment of the same issue of the bonds of the company mentioned in the complaint of the appellee, Lanning, in the case at bar. The mortgage or deed of trust was not considered nor construed by this court, in the case last cited, but it was decided on another point. We refer to that case solely because the appellee's complaint therein, as stated in the opinion of the court, contains an apparently literal quotation from the said mortgage or deed of trust of one of its stipulations, to the effect following: That said railroad company "might deed in fee-simple, with good warranty, to the holder of any of said bonds, when he might elect to receive the same, at any time within five years from the date thereof, one thousand dollars worth of the real estate described in said deed, at such sale prices as might be fixed upon by said company, at not less than four-fifths of the appraised value thereof, upon the surrender of said bond and the unpaid interest-warrants to the treasurer of said company."

By comparing this quotation with the recitals in the deed above set out from said company to said Thomas E. Hastings, it will be seen that both are couched in substantially the same language. It will be seen also, by comparing said quotation and recitals with the stipulation in the deed of trust mentioned in the cases of *Rowe* v. *Beckett, supra,* and of *Rowe* v. *Lewis, supra,* that the deed of trust in those cases differs from the deed of trust in the case now before us, in this, that while, under the former deed, the trustees therein were alone authorized to convey the property sold, it was expressly stipulated in the latter deed of trust, that the railroad company might both sell and con-

vey by deed in fee-simple, with warranty, to the holder of any of the bonds secured by said deed of trust, at any time within five years from the date thereof, when he might elect to receive the same, one thousand dollars worth of the real estate described in said deed, at such sale prices as might be fixed upon by said company at not less than four-fifths of the appraised value thereof, upon the surrender of said bond and the unpaid interest-warrants to the treasurer of said company.

It seems to us that the evidence offered and the appellants' admissions on the trial of this cause made at least a *prima facie* case in favor of the appellee; and that, in the absence of any evidence to the contrary, the court was fully warranted in finding that he was entitled to the relief prayed for in his complaint, and in rendering judgment accordingly.

The judgment is affirmed, at the appellants' costs.