HAUGH v. HAYWOOD.

[No. 9,699.    Filed January 30, 1919.]

1.  APPEAL.—*Waiver of Error.—Briefs.*—Error assigned on the overruling of a motion to make the complaint more specific is waived where appellant fails to set out the motion in his brief, as required by Rule 22 of the Appellate Court governing the preparation of briefs.  p. 288.

2.  APPEAL.—*Waiver of Error.—Briefs.*—Error assigned on the overruling of the demurrer to the complaint is waived where appellant fails to. set out in his brief the demurrer with the memorandum thereto, as required by Rule 22 of the Appellate Court governing the preparation of briefs.  p. 288.

3.  NEW TRIAL.—*Grounds.—Ruling on Motion to Make More Specific.*—Overruling a motion to make the complaint more specific is not a proper ground for new trial.  p. 289.

4.  APPEAL.—*Waiver of Error.—Briefs.*—A specification in a motion for a new trial that the court erred in overruling a motion to direct a verdict is waived by appellant's failure to discuss it under the "Points and Authorities" in his brief.  p. 289.

5.  APPEAL.—*Waiver of Error.—Briefs.*—A ground for a new trial

predicating error in instructing the jury is waived by appellant's failure to present the alleged error in his briefs, or to point out any infirmity in the instructions alleged to be erroneous. p. 289.

6. MALICIOUS PROSECUTION.—*Instructions.*—*Refusal of Instructions Outside the Evidence.*—In an action to recover damages for malicious prosecution, a requested instruction that, if defendant can now prove that plaintiff was guilty of the offense for which he was prosecuted, or that there was probable cause to suspect him, it is sufficient for defendant, was properly refused because not limited to the facts established by the testimony upon the trial. p. 289.

7. MALICIOUS PROSECUTION.—*Instructions.*—In an action to recover damages for malicious prosecution, defendant's requested instruction that, "There is a distinction between individuals prosecuted for private benefit of the plaintiff and the malicious prosecution of an offense, misdemeanor, or wrong, which affects the public," was properly refused as being unintelligible and confusing. p. 290.

From Marion Superior Court (98,287); *Vincent G. Clifford,* Judge.

Action by Otto Haywood against Joseph Guy Haugh. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Meyers* and *Robert A. Adams,* for appellant.

*Stephen A. Clinehens,* for appellee.

ENLOE, J.—This action was brought by appellee against appellant to recover damages for an alleged malicious prosecution, in which appellee was charged with being guilty of the crime of petit larceny. The complaint was in one paragraph. Trial was had, and a jury returned their verdict in favor of appellee and assessed his damages at $200. Motion for new trial was made and overruled, and cause appealed to this court

Appellant has filed his motion herein to strike from the files of this case the brief of appellee, because, it is alleged, they do not comply with the rules of this court. This motion is overruled. The briefs were.

filed in time, and fairly comply with the rules of this court.

The errors assigned and relied upon for a reversal are: First. The error of the court in overruling the appellant's motion to make the complaint more specific. Second. The error of the court in overruling appellant's demurrer to the complaint. Third. The error of the court in overruling appellant's motion for a new trial.

The first and second of the above assigned errors are waived, by reason of the failure of appellant to set out in his brief his motion to make said complaint more specific, and his demurrer to said complaint with the memorandum thereto, as required by Rule 22 of this court, and this leaves only the action of the court in overruling appellant's motion for a new trial to be examined.

The motion for a new trial, as found in appellant's amended brief, sets forth the following reasons for a new trial, viz.: (1) The court erred in overruling the defendant's motion to make the complaint more specific. (2) The court erred in overruling the defendant's motion to direct the jury to return a verdict for the defendant, at the close of plaintiff's testimony. (3) The court erred in giving to the jury, of its own motion, each of the instructions, separately and severally, and designated as Nos. 4, 5, 6, 7, 8, 9 and 10. (4) The court erred in refusing to give to the jury each of the instructions requested by the defendant, and designated as Nos. 1, 2, 3 and 6. (5) The verdict of the jury is not sustained by sufficient evidence. (6) The verdict of the jury is contrary to law.

As to the first reason specified in appellant's motion, this is not a proper reason for new trial, but it is

ground for assignment of error (*Huber Mfg. Co.* v. *Blessing* [1912], 51 Ind. App. 89, 99 N. E. 132), which constitutes one of the appellant's assigned errors, and which has been waived as heretofore pointed out.

The second reason assigned as cause for new trial has also been waived by reason of the failure of appellant to discuss the same under his "Points and Authorities."

The third assigned cause for new trial has also in like manner been waived by failure of appellant to present same in his brief, or point out any infirmity in either of said instructions.

The appellant urges that the court erred in refusing to give appellant's instruction No. 2. This instruction was rightfully refused. The court was, in the instruction, asked to tell the jury that: "If he (meaning defendant) can now prove the fact that Haywood was guilty, or if he can prove that there was probable cause to suspect him of being guilty, it is sufficient for the defendant Haugh." It was not limited by what had been established by the testimony, upon the trial, as it should have been.

Appellant also urges that the court erred in refusing to give No. 3 of the instructions tendered and requested by him. The first part of this instruction is as follows: "There is a distinction between *individuals* prosecuted for private benefit of the plaintiff; and the malicious *prosecution* of an offense, misdemeanor, or wrong, which affects the public,  *  *  *." (Our italics.)

This instruction is unintelligible. In this form it could only confuse the jury, and was therefore right-

fully refused.    In *Pittsburgh, etc., R. Co.* v.
7.    *Farmers Trust, etc., Co.* (1915), 183 Ind. 287,
108 N. E. 108, it is said: "It is never error
to refuse an instruction that is not correct, and no
duty devolves on the trial court to modify a requested
one to relieve it of ambiguities.   It is well settled that
a requested instruction must be plain, certain and
accurate.   *   *   *·  It must not be ambiguous, or
likely to mislead a jury."    See, also, *Loeb v. Weis*
(1878), 64 Ind. 285. ·

There is no question made in appellant's motion for
a new trial as to the admission of incompetent evi-
dence, and no point made in his brief that the verdict
of the jury was founded upon incompetent testimony,
and the sole and only question left for our considera-
tion, therefore, is the assignment that the verdict is
not sustained by sufficient evidence.

We have carefully read the evidence as found in
the bill of exceptions, and there is ample evidence
upon which to found the verdict in question.

The judgment is therefore affirmed.