THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILIP DAVIS, Plaintiff in Error.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. CRIMINAL LAW—*when Supreme Court will not interfere with verdict.* A verdict of the jury rejecting the defendant's testimony of an alibi and finding him guilty of the crime charged will not be disturbed by the Supreme Court where it is unable to say, from a consideration of all the evidence, that there is clearly a reasonable and well-founded doubt of the guilt of the defendant.

2. SAME—*what is sufficient to show assault with deadly weapon.* Evidence that in the course of an assault, in which the defendant participated, the complaining witness was struck with a piece of pipe of a certain length indicated to the jury, that he was struck in the face with a brick, and that wounds, such as might have been caused by use of a deadly weapon, were inflicted upon his person, is sufficient to show the assault was made with a deadly weapon.

3. SAME—*errors not pointed out in Appellate Court are waived.* Assignments of error not shown by the brief and argument in the Appellate Court to have been raised in that court will be deemed to have been waived and cannot be considered by the Supreme Court.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

RIEGER & RIEGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error (hereinafter called defendant) was indicted, tried by a jury, found guilty, and after motions for new trial and in arrest of judgment had been overruled

was sentenced by the criminal court of Cook county to the House of Correction for a term of ninety days and to pay a fine of $25 and costs. The judgment of the criminal court having been affirmed by the Appellate Court for the First District, the cause is now before this court upon writ of error.

The indictment consists of five counts, the second of which charges that the defendant on the 25th of March, 1924, made an assault upon Jake Wollrauch with a dangerous and deadly weapon, to-wit, a stone, without any considerable provocation and under circumstances showing an abandoned and malignant heart, with intent to inflict bodily injuries upon Wollrauch. The third count charges, in substance, the same as the second, except that it charges that the weapon with which the assault was made was a "certain hard substance, a further description of which is to the grand jurors unknown." The fifth count is in substance the same as the second, excepting that in this count the weapon is alleged to be a piece of pipe.

On motion of defendant in error, defendant's brief and argument in the Appellate Court have been filed in this court, and it appears therefrom that but two questions were raised in the Appellate Court: First, that the evidence did not warrant the verdict and judgment, conceding that the evidence sufficiently shows that someone used a deadly weapon in the assault set out; and second, that the evidence failed entirely to show that the one who committed the assault used a deadly weapon.

The undisputed evidence in the case shows that Wollrauch was a garment worker, and that in March, 1924, there was a strike on in that craft but that the factory in which Wollrauch was employed did not shut down; that about 9:30 P. M. on the 25th of March, 1924, near his home, Wollrauch was assaulted by five men, knocked down and beaten; that he was severely injured, his nose being broken; that his head was badly cut above his right eye,

and that as a result of his injuries he was confined to his bed for a period of twelve days. Wollrauch testified that as he approached the place of the assault he saw defendant; that defendant whistled, and that immediately thereafter three other men came out of an alley and that they all assaulted him at once; that one of the men hit him upon the nose with a brick; that another hit him in the eye and that defendant hit him with a piece of pipe; that there were electric lights near at hand and that he recognized the defendant as the person who hit him with a piece of pipe; that about two weeks prior to that time defendant was on picket outside of the shop where Wollrauch was employed; that defendant said to Wollrauch, "You are not going to work;" that Wollrauch replied, "There is no strike;" that defendant said, "Don't go to work; there is a strike; if you go to work you will be sorry;" that prior to that time he had met defendant at a meeting of the union, of which defendant was chairman. Defendant testified as a witness that he had never seen Wollrauch before the day he testified, and denied having any connection with the crime. He testified that at the time in question he was at his home, and in this regard he was corroborated by his two minor daughters. The jury saw and heard the witnesses and it was peculiarly their province to determine which witnesses were telling the truth. They evidently believed the story told by Wollrauch, and we are not able to say from a consideration of all the evidence that there is clearly a reasonable and well-founded doubt of the guilt of the accused, and so we are not warranted to interfere with the verdict of the jury on the ground that the evidence does not support it. *People* v. *McCabe,* 306 Ill. 183; *People* v. *Martin,* 304 id. 494.

The defendant contends that the evidence fails entirely to show that the person who committed the assault used a deadly weapon. While the piece of pipe was not particularly described by the witness, the length of it was indicated by Wollrauch to the jury, and the evidence shows that

in the assault in which defendant took part Wollrauch was hit in the face with a brick, and wounds inflicted upon his person tended strongly to show that they were caused by a deadly weapon. We are of the opinion that defendant's contention in this respect cannot be maintained.

Other points are assigned as error in this court, but as defendant's brief and argument in the Appellate Court show that they were not raised in that court such points will be deemed to have been waived and cannot be raised for the first time in this court. *People* v. *Walczak,* 315 Ill. 49.

The judgment is affirmed.        *Judgment affirmed.*