GRAY ET AL. *v.* JAMES ET AL.

[No. 15,144. Filed February 14, 1935. Rehearing denied April 19, 1935.]

258

*Solon B. Selleck,* for appellants.

*Dunten & Dunten,* and *Luke H. Wrigley,* for appellees.

KIME, J.—Jessie G. James died testate on February 12, 1931, and her husband, Hedley V. James, filed objections to the probating of her will dated June 21, 1930, on the grounds that (1) it was unduly executed and (2) that it was made in violation of an executed contract, which contract had never been revoked and was still in full force.

Afterwards Hedley V. James filed a complaint to resist such probate, in which it was alleged that said will of June 21, 1930, had been executed by Jessie G. James in violation of an agreement whereunder on May 26, 1919, said Hedley V. James and said Jessie G. James executed mutual wills, each of the same, being the consideration for the execution of the other, by which each of said parties devised and bequeathed to the other all of his (or her) property and estate of any and every kind, both real and personal; that said Hedley V. James had performed his part of said contract by keeping his said will of May 26, 1919, in force until after the death of his said wife on February 12, 1931, while said

Jessie G. James had not performed her part of said contract, but had, without the knowledge or consent of her said husband, violated the same by destroying her said will of May 29, 1919, and by executing her said will of June 21, 1930.

After this proceeding had been commenced Mr. James died testate, leaving all of his estate to Harry W. James, who was also named as executor. By order of court Harry W. James, personally, and as executor, was substituted as plaintiff.

Prior to the death of Hedley V. James he had filed another paragraph of complaint which he denominated third paragraph of complaint, but by order of court it was corrected and called a second paragraph of complaint. In addition to the averments contained in the first paragraph the second paragraph averred that Jessie G. James at the time of her death owned certain real and personal property, specifically described, and that by virtue of her said will of 1919, considered as a contract, all of said property and estate, real and personal, owned by said decedent, at the time of her death, became and was the property of her husband. The complaint contained a prayer that appellants be adjudged to have no right, title, or interest in or to the said property or to any part thereof.

To the complaint appellants filed an answer in abatement to the effect that there was a defect of parties for the reason that Hedley V. James, executor of the last will and testament of Jessie G. James, was not a party defendant, to which appellee demurred on the grounds that the answer did not state facts sufficient to abate the action stated in the complaint. The court sustained the demurrer to the plea in abatement. Appellants then filed a demurrer to the complaint alleging in such demurrer a misjoinder of causes of action; that each paragraph of complaint failed to state facts suf-

ficient to constitute a cause of action and that the complaint failed to state facts sufficient to constitute a valid objection to the probate of a will. The demurrer was overruled and appellants then filed a motion to strike out parts of the complaint, which motion was overruled and the court ordered that the record as to the paragraphs of complaint filed be corrected as heretofore set out.

Afterwards and before the trial appellants filed their motion asking the court to separate from the other issues in the case the issue as to whether or not specific performance was entitled to be had of the contract between Hedley V. James and Jessie G. James as consummated by their wills of May 26, 1919. This motion was sustained and trial was had on the single issue of the parol agreement and its legal effect.

After the trial the court entered the following finding and judgment:

"The court having had this cause under advisement and being sufficiently advised in the premises now finds for the plaintiffs upon their complaint. That all the averments of the complaint as amended are true and proven. That the plaintiffs are entitled to specific performance of the contract between Hedley V. James and Jessie G. James as consummated by the last will and testament of said Jessie G. James under date of May 26, 1919, and the last will and testament of said Hedley V. James of the 26th day of May, 1919, all as alleged in the complaint. That pursuant to said contract and said wills the said Hedley V. James as beneficiary and devisee under the last will and testament of said Jessie G. James, dated May 26, 1919, and as surviving husband of said Jessie G. James, deceased, is entitled to all the property of said Jessie G. James, both real and personal, and of every kind and description, owned by the said Jessie G. James at the time of her death. That the title of said Hedley V. James as

surviving husband and devisee under the last will and testament of said Jessie G. James, dated May 26, 1919, as aforesaid, and of all persons claiming by, under and through said Hedley V. James, now deceased, be quieted and forever set at rest as to any pretended claims of the defendants herein, or either of them to said property, real or personal. That the defendants take nothing by their answers herein, and that plaintiffs recover their costs herein made and taxed at $........."

Appellants motion for a new trial contained the grounds that: (1) the court erred in sustaining the plaintiff's demurrer to said defendants' answer in abatement herein; (2) the court erred in overruling said defendants' demurrer to plaintiff's complaint; (3) the court erred in overruling said defendants' motion to strike out a portion of plaintiff's complaint; (4) the decision of the court is not sustained by sufficient evidence; and (5) the decision of the court is contrary to law.

The overruling of this motion for new trial is assigned as error here.

There is no question presented to this court for decision here with regard to assignments 1, 2, and 3 contained in the motion for a new trial, as rulings of the court below, upon demurrers to pleadings and motions in reference to the same are not proper grounds for a new trial in a motion therefor. *Glendy* v. *Lanning* (1879), 68 Ind. 142; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *Haugh* v. *Haywood* (1919), 69 Ind. App. 286, 121 N. E. 671. And since they are not proper assignments in a motion for a new trial, the assignment of error on appeal that the court erred in overruling the motion for a new trial does not present any question on such assignments. Such rulings must be presented by inde-

pendent assignments in the assignment of errors filed with the transcript if they are to be considered by this court.

Assignments 4 and 5 of the motion for a new trial, relied upon by appellant for a reversal herein require a consideration of the evidence. Appellants' brief fails to contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely as required by clause 5 of rule 21 of the rules of the Supreme and Appellate Court of Indiana. Appellees' brief states, and the transcript discloses, that appellants' brief has omitted a condensed recital, in narrative form, of some testimony, of witnesses and also evidence which consisted of written documents made a part of the depositions, of two other witnesses, which were admitted and read in evidence. Part of these written documents consisted of exhibits of bank accounts in the name of Jessie G. James, Hedley V. James, and in the joint names of both of them, over a period of years, and the balance consisted of memorandum of stock purchases by Jessie G. James. As to the latter evidence no mention thereof is made in appellants' brief and as to the bank account exhibits appellants attempt to tell this court what such evidence proves. Appellees, in their brief, as to the latter evidence, did not supply the ommissions, but have directed the attention of the court to where in the transcript such evidence may be found.

As above noted the court found "for the plaintiffs upon their complaint. That *all the averments* of the complaint as amended are true and proven." (Our italics.) One of the averments of the complaint is that "in reliance upon said agreement and arrangement, and upon the execution of said will in pursuance thereto, (Hedley V. James.) gave to said Jessie G. James of his own property and earnings property, real and personal,

of the value of more than five thousand dollars ($5,000.00), which property, she owned at the time of her death," etc. One of the issues on the trial was as to the truth of the averment above quoted. Appellees in their brief state, and it is not denied by the appellants, that such omitted evidence was offered in support of that averment, which the court found to be true. We must assume that the court took all of the evidence introduced in this case into consideration when he made his finding and entered judgment thereon and unless all of the evidence, in narrative form or in substance, is in the briefs we can not determine any question depending on a consideration of the evidence.

Appellants do not deny that this evidence is omitted but say that in the event they have omitted any part of the evidence that it is the duty of appellees to ██ supply the omitted parts. In this contention appellants are mistaken as it is not the duty of appellees to supply the omissions in appellants' brief, but appellees have the right to assume that the rule above mentioned, which requires an appellant to set out a condensed recital of the evidence, in narrative form, will be uniformly enforced by the court. *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Sanders-Egbert* v. *Getts* (1923), 80 Ind. App. 328, 149 N. E. 9; *Martindale et al.* v. *Corbin* (1924), 82 Ind. App. 324, 145 N. E. 926; *Humphreys* v. *Pleasure Park Co.* (1933), 97 Ind. App. 592, 187 N. E. 682. Appellants can not omit from such condensed recital evidence which they deem irrelevant. *Humphreys* v. *Pleasure Park Co., supra.*

With the above evidence omitted entirely from appellants' brief, such brief, according to clause 5 of rule 21, *supra,* is not sufficient to present for decision, by this court, the question of the sufficiency of the evidence to sustain the finding of the court below.

When a consideration of all of the evidence is required to determine the question on appeal a party appealing can not entirely omit from the condensed recital of the evidence, as required by the rule, exhibits admitted in evidence by attempting to tell this court what the evidence proves and say, "An analysis of this testimony shows that the various purchases of stock made by Mrs. James were paid for with money drawn from her personal funds," and when such exhibits are admitted in evidence but are omitted from a condensed recital, in narrative form, of the evidence, we can not say that there has been a sufficient compliance with the above rule.

The appellants assert that the decision of the court is contrary to law but in their brief they only set forth abstract propositions of law with no application to the case at bar, and from such abstract statements we are unable to determine that the decision is contrary to law.

For the foregoing reasons the judgment of the De-Kalb Circuit Court is in all things affirmed and it is so ordered.