## SECURITY ACCIDENT AND SICK BENEFIT ASSOCIATION *v.* LEE.

[No. 19,984. Filed March 17, 1903.]

PLEADING.—*Condition Precedent.*—An allegation in a complaint in an action on an insurance policy "that plaintiff fully performed all the obligations required of her" is a substantial compliance with the provision of §373 Burns 1901, that "in pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part." *p. 250.*

APPEAL AND ERROR.—*Briefs.—Rules of Court.*—The sufficiency of the evidence to sustain the finding of fact and law will not be decided where the appellant fails to comply with clause five of rule twenty-two of the Supreme Court which requires that the statement in the brief "shall contain a condensed recital of the evidence in a narrative form, so as to present the substance clearly and concisely." *pp. 250, 251.*

From Bartholomew Circuit Court; *F. T. Hord,* Judge.

Action by Annie Lee against the Security Accident and Sick Benefit Association. From a judgment for plaintiff,

defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*O. H. Montgomery* and *Marshall Hacker*, for appellant. *J. W. Morgan* and *A. W. Phillips*, for appellee.

MONKS, J.—This was an action brought by the appellee to recover sick benefits alleged to be due under a policy of insurance. A trial of the cause by the court resulted in a finding and judgment against the appellant. Two errors are assigned: (1) That the court erred in overruling the demurrer, for want of facts, to the amended complaint; (2) that the court erred in overruling the appellant's motion for a new trial.

The only objection urged against the complaint is, that it fails to comply with §373 Burns 1901, which provides: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part." The appellee attempted to comply with this statute by averring, "That plaintiff fully performed all the obligations required of her." This was sufficient. While obligation and condition are not synonymous terms, the effect of a valid condition is to impose upon the party to whom it applies the obligation to comply therewith. When, therefore, the appellee has performed "all the obligations required of her," as is alleged in the complaint, necessarily she has complied with all the conditions required to be performed by her under the contract. While it is better to follow the language of the statute, the plaintiff is not required to use the exact language of the statute. It is sufficient if substantially the same language is used. *Aetna Ins. Co.* v. *Kittles,* 81 Ind. 96; 4 Ency. Pl. & Pr., 633, 634, and notes.

The sufficiency of the evidence to sustain the finding, in fact and law, is challenged by the motion for a new trial. Appellant, however, is not in a position to ask a decision of

this question, on account of its failure to comply with clause five of rule twenty-two of this court, which requires that the statement in the brief "shall contain a condensed recital of the evidence in a narrative form, so as to present the substance clearly and concisely." *Boseker* v. *Chamberlain, ante,* 114; *Indiana, etc., R. Co.* v. *Ditto,* 158 Ind. 669. We have, however, read the evidence, and find that there is evidence which sustains all the allegations in the complaint necessary to a recovery. We can not, therefore, under the well settled rule, disturb the finding.

Judgment affirmed.