## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. WILSON.

[No. 19,721. Filed March 31, 1903. Rehearing denied February 25, 1904.]

NEGLIGENCE.—*Fire Escaping from Locomotive.—Complaint.*—In an action against a railroad company for damages caused by fire escaping from defendant's locomotive, the failure to state in detail the facts constituting the negligence does not render the complaint bad on demurrer, where there is a general allegation of negligence. *pp. 702, 703.*

RAILROADS.—*Fire Escaping from Locomotive.— Negligent Operation of Locomotive.—General Verdict.—Answers to Interrogatories.*—In an action against a railroad company for damages caused by fire escaping from defendant's locomotive, answers to interrogatories showing that the locomotive was equipped with a sufficient spark-arrester, will not overthrow a general verdict for plaintiff, where the complaint averred not only a defective spark-arrester, but also the negligent operation of the locomotive. *p. 703.*

APPEAL.—*Evidence not all in Record.—Review.*—The sufficiency of the evidence to sustain the verdict will not be considered on appeal, where the evidence is not all in the record. *p. 703.*

SAME.—*Evidence.—Review.—Briefs.*—Appellant is not in a position to ask for a review of the evidence, where he has not complied with clause five of Supreme Court rule twenty-two, requiring that the statement in appellant's brief shall contain a condensed recital of the evidence in narrative form. *p. 703.*

NEGLIGENCE.—*Proof by Direct or Circumstantial Evidence.*—In an action for damages from fire caused by the negligent operation of a locomotive, such negligence may be proved either by direct or circumstantial evidence. *p. 704.*

From Porter Circuit Court; *J. H. Gillett,* Judge.

Action by John Wilson against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. Affirmed.

G. E. Ross, for appellant.

H. S. Barr and T. H. Heard, for appellee.

Monks, J.—Appellee brought this action against appellant to recover damages for property destroyed by fire alleged to have escaped from a passing engine. A trial of said cause by a jury resulted in a general verdict in favor of appellee, and over appellant's motion for a judgment in its favor on answers to the interrogatories notwithstanding the general verdict, and its motion for a new trial, judgment was rendered against appellant on said general verdict.

The errors assigned call in question the action of the court in overruling appellant's demurrer to each paragraph of the complaint, its motion for a judgment on the answers to the interrogatories notwithstanding the general verdict, and its motion for a new trial.

The complaint was in two paragraphs, and each charged appellant with negligence in the operation of its locomotive; and the second paragraph charged in addition that the locomotive was not provided with a spark-arrester, and was out of repair. It was alleged in each paragraph that the injury to appellee's property described therein was caused "wholly by the negligence of appellant, and wholly without any fault or negligence on the part of appellee."

It is insisted by appellant that each of said paragraphs was bad for the reason that the facts constituting appellant's negligence were not specifically averred, and that the general allegation of negligence was insufficient because a mere conclusion of the pleader. It is the settled rule in this State that a failure to state in detail the facts constituting negligence does not render the pleading insufficient on demurrer, and that a general allegation of negligence is

sufficient to withstand a demurrer for want of facts. *Louis-ville, etc., R. Co.* v. *Cauley,* 119 Ind. 142, 143; *Ohio, etc., R. Co.* v. *McCartney,* 121 Ind. 385-387, and cases cited; *Pittsburgh, etc., R. Co.* v. *Jones,* 86 Ind. 496-498, 44 Am. Rep. 334; *Louisville, etc., R. Co.* v. *Hanmann,* 87 Ind. 422; *Louisville, etc., R. Co.* v. *Parks,* 97 Ind. 307, 309.

The jury by their answers to the interrogatories found that the locomotive which set the fire "was provided and equipped with a spark-arrester known as the extension front, of the most approved style, and of the best known for the prevention of the escape of fire, and that the same was at the time of the fire in good condition and repair." These answers are clearly against appellee's allegation in the second paragraph of complaint as to the defect in the construction of the locomotive, and the negligent failure of appellant to keep the same in repair. Each paragraph of the complaint charged, however, that the fire was caused by the negligent operation of the locomotive, and the jury by their general verdict so found. Said answers to the interrogatories were not, therefore, in conflict with the general verdict as to the negligent operation of the locomotive, but in harmony therewith. The court did not err in overruling appellant's motion for judgment in its favor notwithstanding the general verdict.

The sufficiency of the evidence to sustain the verdict is challenged by the motion for a new trial. Appellant is not in a position to ask the decision of this question, for two reasons: (1) Because the evidence is not all in the record, under the rule declared in *Consolidated Stone Co.* v. *Summitt,* 152 Ind. 297, 303, 304 and *Westervelt* v. *National Paper, etc., Co.,* 154 Ind. 673, 681; (2) on account of its failure to comply with clause five of rule twenty-two of this court, which requires that the statement in the brief shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely. *Security, etc., Assn.* v. *Lee,* 160 Ind. 249; *Boseker* v. *Cham-*

*berlain,* 160 Ind. 114; *Indiana, etc., R. Co.* v. *Ditto,* 158 Ind. 669. We have read the evidence, however, and under the well-established rule that the allegations that the fire was set by appellant's locomotive, and that the fire was caused by the negligent operation of the locomotive, may be proved by either direct or circumstantial evidence, or both, as held in *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.,* 154 Ind. 322, 323, and cases cited, we are not prepared to say that the verdict in this case is not sustained by sufficient evidence or is contrary to law.

Judgment affirmed.

Gillett, J., took no part in the decision of this cause.