WELCH, TRUSTEE, v. STATE, EX REL. BEAUCHAMP.

[No. 20,390. Filed January 10, 1905.]

1. MANDAMUS.—*Complaint.*—*What Constitutes.*—Where a verified petition and motion are filed for an alternative writ of mandate, but the alternative writ is not issued, such affidavit and motion constitute the complaint, but where such alternative writ is issued, it is taken as the complaint. p. 106.

2. PLEADING.—*Complaint.*—*Mandamus.*—*Sufficiency.*—Where the alternative writ of mandate, in an action by the State on relation of an abutting landowner against the township trustee, to compel such

trustee to open a certain highway, shows that such road was duly established by the board of commissioners; that a copy of the order of establishment and an order to open such highway had been served on such trustee by the auditor; and that such trustee had failed and refused for three years to open such road, though he had the means to do so, such alternative writ states a cause of action. p. 106.

3. APPEAL AND ERROR.—*Brief.*—*Supreme Court Rules.*—Where appellant's brief omits the names of some of the witnesses entirely and gives a mere reference to the general tenor and effect of the evidence, but makes no attempt to set out its substance, any question depending upon the sufficiency of the evidence is waived. p. 107.

From Starke Circuit Court; *John C. Nye,* Judge.

Action in mandamus by the State of Indiana, *ex rel.* Peter M. Beauchamp, against Morgan H. Welch as trustee of California township. From a judgment for relator, defendant appeals. *Affirmed.*

*Adrian L. Courtwright,* for appellant.
*H. R. Robbins* and *W. C. Pentecost,* for appellee.

MONTGOMERY, J.—This action was commenced upon the verified petition of the relator Peter M. Beauchamp, for an alternative writ of mandate directed to the appellant Morgan Welch, as trustee of California township, Starke county, requiring him to open a certain public highway in said township, theretofore established, or to show cause why the same should not be done. The writ was issued and served, and at the time fixed by the court appellant appeared in response thereto, and demurred to the alternative writ for want of sufficient facts. This demurrer was overruled, and an exception saved to the ruling. Appellant filed his return or answer to the writ in two paragraphs. Appellee replied to the affirmative answer, and the cause was tried by the court without a jury. The court's finding was in favor of appellee, and thereupon a judgment was entered for the issuance of a peremptory writ of mandate commanding appellant, as such trustee, to open the highway. A motion for a new trial was filed and overruled, and an exception saved

to the ruling. A general bill of exceptions was filed within the time given.

The assignment of errors challenges the correctness of the court's ruling upon demurrer to the alternative writ, and upon the motion for a new trial, and also the sufficiency of facts in the alternative writ to constitute a cause of action.

Appellee alleges by way of cross-error that the court below erred in overruling the demurrer to the affirmative paragraph of answer or return to the alternative writ of mandate. In view of the result reached upon consideration of the errors assigned by appellant, it will not be necessary to decide the assignment of cross-errors.

1. The language of the assignment of errors in regard to the sufficiency of the complaint is somewhat indefinite, and might be construed as addressed to the petition or application for the alternative writ of mandate. If no alternative writ had been issued in the cause, the verified petition, or affidavit and motion, for the alternative writ, would be treated as the complaint; but when, as in this case, an alternative writ has been issued, such alternative writ must be taken as in the nature of a complaint. *Board, etc.,* v. *State, ex rel.* (1878), 61 Ind. 75; *Gill* v. *State, ex rel.* (1880), 72 Ind. 266; *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557, 38 L. R. A. 829; *Applegate* v. *State, ex rel.* (1902), 158 Ind. 119.

2. The substantial facts of the alternative writ of mandate are, that the relator was a petitioner for the road in question, and the owner of real estate abutting thereon; that the road was duly established by the order of the board of commissioners, and a copy of such order, with a command to open the road, served on appellant as such trustee on September 5, 1900; but that, with abundant means in his hands with which to open said road, he had failed and refused to do so for almost three years, without cause for such refusal. No specific defect in the writ is pointed out by appellant, and none is apparent. When an order establishing

a highway has been made by the board of commissioners, and transmitted to the trustee, §6745 Burns 1901, §5018 R. S. 1881, enjoins upon such trustee the duty of causing a copy of such order to be entered at length on his record book, and notice thereof to be given to the proper supervisor to work such location or change.

The demurrer to the writ confesses that this duty has not been performed by appellant. Mandamus is the appropriate remedy to compel the performance of the statutory duties of township trustees with respect to the opening of established highways, and the allegations of the alternative writ of mandate in this case, taken as true, are sufficient to require the performance of the duties enjoined upon appellant as trustee, by the provisions of the statute above quoted, and the court did not err in overruling appellant's demurrer for want of facts. *State, ex rel., v. Beil* (1901), 157 Ind. 25; *Wampler v. State, ex rel., supra; Moore v. State, ex rel.* (1880), 72 Ind. 358; *Potts v. State, ex rel.* (1881), 75 Ind. 336.

3. Appellant's motion for a new trial assigns, among other causes, that the decision of the court is not sustained by sufficient evidence, and is contrary to law. All causes embraced in the motion other than these have been waived by a failure to point them out or discuss them in appellant's brief. A consideration of these statutory grounds for a new trial necessitates an examination of the evidence; but appellee insists that the evidence is not in the record, for the reason that appellant's precipe calls for a transcript of the bill of exceptions, and the clerk has certified to this court the original bill without copying the same. The General Assembly of 1903 has changed the law upon this point (Acts 1903, p. 338); but without determining whether that act applies to this appeal or not, it is manifest that the evidence can not be considered. Clause five of rule twenty-two of this court requires that "if the sufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned,

the statement (in appellant's brief) shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." Appellant's brief omits the names of some witnesses, and a mere reference to the general tenor and effect of the evidence is given, but no attempt is made to set out its substance in narrative form. This is not a sufficient compliance with the requirements of the rule, under the decisions of this court. *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701. It will be presumed, in the absence of the evidence, that the court's ruling on the motion for a new trial was not erroneous.

It is deemed appropriate to add that, the road having been adjudged to be of public utility, the appellant could not be justified, as he claimed in his answer to be, in refusing to cause the same to be opened, because he may not have had on hand at any one time sufficient funds to make all the improvements necessary or desirable.

No error appearing of record, the judgment is affirmed.