## IRELAND ET AL. *v.* HUFFMAN ET AL.

[No. 21,181. Filed May 25, 1909.]

APPEAL.—*Briefs.—Failure to Set Out Evidence.*—Where the questions sought to be determined appear only from a consideration of the evidence, and the brief fails to set out same in words or substance, the questions are waived, a mere reference in the brief to certain facts testified to, together with conclusions drawn therefrom, being insufficient.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Drainage petition by Frank Ireland and others, against which William Huffman and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Affirmed.*

*D. F. Brooks,* for appellants.

*Isaac E. Gingerick* and *Shively & Switzer,* for appellees.

HADLEY, J.—Appellants were petitioners for a drain, to be in part open and in part covered tile. Commissioners were appointed, who reported favorably to a construction of the drain, and that the same would be of public utility, and the cost, damages and expenses of construction less than the benefits to the lands affected. Remonstrances were filed, challenging the public utility of the proposed drain, which issue, upon appeal, was tried in the circuit court, and there was a finding and judgment in favor of the remonstrators. The petitioners, in a motion, set forth two reasons for a new trial, viz.: (1) the decision of the court is not sustained by sufficient evidence; (2) it is contrary to law.

The motion for a new trial was overruled, which action of the court is the only question attempted to be brought before this court.

The question brought here depends wholly upon the evidence, and not the slightest effort has been made by appellants to set forth in their brief the evidence in any form. The fifth clause of rule 22 provides: ''If the insufficiency

of evidence to sustain the verdict or finding, in fact or law, is assigned, the statement [in the brief] shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely.''

Counsel refers to certain facts that were testified to by witnesses, and certain other facts that were not testified to, and supplements the statements with certain conclusions of his own as to what the evidence established. But this is not a compliance with the rule. That which is required by the rule is the substance of what the witnesses have said in giving their testimony. The judges will draw their own conclusions as to the pertinency and force of the testimony. *Welch* v. *State, ex rel.* (1905), 164 Ind. 104; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Rush* v. *Kelley* (1905), 34 Ind. App. 449.

Judgment affirmed.