## ALBAUGH BROTHERS, DOVER & CO. *v.* LYNAS
### ET AL.

[No. 7,081.   Filed January 26, 1911.]

1. PLEADING.—*Demurrers to Answers.*—*Form.*—A demurrer to a paragraph of set-off and counterclaim, alleging that such paragraph did not state facts sufficient "to constitute a defense" to the complaint, is insufficient to present any question.   p. 32.

2. APPEAL.—*Briefs.*—*Omission of Questioned Motion for a New Trial.*—Where appellant's brief fails to set out in words, or substance, the questioned motion for a new trial, it will not be considered.   p. 32.

3. APPEAL.— *Briefs.*— *Omissions.*— *Supplying in Reply Briefs.*—Questioned motions omittted from the original brief cannot be supplied in the reply brief.   p. 33.

4. APPEAL.—*Briefs.*—*Reply.*—*Supplemental.*—A reply brief filed more than sixty days after submission cannot be considered as supplemental to the original brief.   p. 33.

5. APPEAL.—*Appellate Court Rules.*—*Obligation of.*—The Appellate Court has no power to ignore, or arbitrarily to refuse to consider, the application of its rules, since they have the force of positive law.   p. 33.

6. APPEAL.— *Briefs.*— *Points and Authorities.*— *Definiteness.*—A "point" in appellant's brief that "the decision of the court below is not sustained by sufficient evidence and is contrary to law and plaintiff should have been granted a new trial," is too indefinite to present any question.   p. 34.

7. APPEAL.—*Assignments of Errors.*—*Weighing Evidence.*—*Statutes.*—An assignment, under §698 Burns 1908, Acts 1903 p. 338, §8, that the judgment is not fairly supported by the evidence, and is clearly against the weight of the evidence, cannot be considered, where the evidence was voluminous and mostly oral, there being some evidence tending to support the verdict.   p. 34.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Albaugh Brothers, Dover & Co. against George H. Lynas and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*George W. Funk,* for appellant.

*McConnell, Jenkines, Jenkines & Stuart,* for appellees.

ADAMS, J.—Appellant instituted this action against appellee George H. Lynas to recover damages for the alleged breach of a written contract. After the commencement of the action said Lynas conveyed certain of his properties to the other appellees, Sarah E. Lynas, Ethel Lynas and Emma M. Tyrell. By amended and supplemental complaint they were made codefendants.

Said complaint is in two paragraphs, and alleges that on February 2, 1903, appellant and appellee George H. Lynas entered into a written contract, which is set out in full in the complaint; that after having partly performed said contract said appellee refused further to perform his part of the contract, to appellant's damage in the sum of $9,000; that for the purpose of defrauding, cheating, hindering and delaying his creditors, appellee George H. Lynas conveyed certain of his real estate to the other appellees named herein, the first paragraph alleging that the conveyances were without consideration, and made with intent to defraud, and the second paragraph alleging the conveyance to be with the intent to defraud by appellee George H. Lynas, and knowledge of such intent and participation in said fraud by the other appellees. Appellees Sarah E. Lynas, Ethel Lynas and Emma M. Tyrell filed answers in general denial to appellant's complaint. Appellee George H. Lynas filed an answer in general denial, and also seven paragraphs of special answer. To the special answer appellant replied in seven paragraphs. A ninth paragraph of answer was afterwards filed, and by agreement all replies thereto were admissible under the general denial. Upon the issues thus formed trial was had by the court, resulting in a finding against appellant upon its complaint, and against appellee George H. Lynas upon his cross-complaint, and that said appellee recover costs.

The errors assigned and relied upon for reversal are as follows: (1) "The judgment of the trial court is not fairly supported by the evidence * * *"; (2) the judgment "is

clearly against the weight of the evidence * * *''; (3, 4, 5, 6) the court erred in overruling appellant's demurrers to the fifth, sixth, seventh and eighth paragraphs of answer, respectively; (7) the court erred in overruling appellant's motion for a new trial.

The third, fourth, fifth and sixth specifications of error seek to question the sufficiency of the fifth, sixth, seventh and eighth paragraphs of answer, respectively. Said demurrers or the substance thereof are not set out in appellant's brief, but an examination of the record discloses that each of said demurrers was ''for want of facts to constitute a defense.'' The answers to which they were addressed being answers by way of set-off and counterclaim, no question is presented by said assignments for the decision of this court. The statute provides what shall constitute grounds for demurrer, and a substantial compliance therewith is required. *Kennedy* v. *Richardson* (1880), 70 Ind. 524; *Flanagan* v. *Reilemier* (1901), 26 Ind. App. 243; *Stoner* v. *Swift* (1905), 164 Ind. 652.

Appellees insist that the seventh specification of error is waived by appellant on account of its failure to set out a copy of said motion or the substance thereof in its brief, as provided in the fifth subdivision of rule twenty-two. This rule requires that a succinct statement of the record, fully presenting every exception or error ruled upon, shall be fully set out in the brief of the complaining party, referring to the pages and lines of the transcript. This rule has been construed, in many cases, to mean that briefs must be so prepared that all questions presented by the assignment of error can be determined from an examination of the briefs without looking at the record, and to the extent said rule is complied with the errors assigned will be determined, and others will be considered waived. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 294; *McElwaine-Richards Co.* v. *Wall* (1902),

159 Ind. 557; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701.

In appellant's reply brief the omission is recognized and the motion for a new trial is there fully set out. The purpose of a reply brief is not to supply the parts of the record required by the rule to be set out in appellant's original brief. "The rule, that points not presented in a party's original brief shall be considered waived, is reasonable and necessary in order that the court and attorneys may be seasonably informed of the questions to be decided. It is also necessary, in order that the work of the court shall not be impeded, that there shall be a limit to the interchange of arguments by counsel." Ewbank's Manual §191.

As the reply brief in this case was filed more than sixty days after submission, it could not perform the office of a supplemental brief or supply the omissions in the original brief. *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 341.

Appellees having in their brief directed attention to the failure of appellant to comply with the rule herein stated, it is not within the power of this court to ignore or arbitrarily to refuse to consider the question thus raised. It is said in the case of *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, that rules when adopted and published "have the force and effect of law, and are obligatory upon the court, as well as upon parties to causes pending before it." In the same case it is further said: "A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business."

It is also urged by appellees that appellant has waived said specification of error in failing specifically to point out any infirmities under the head of "points and authorities." Appellant's seventeenth point is that "the decision of the court below is not sustained by sufficient evidence and is contrary to law, and plaintiff should have been granted a new trial."

"All questions not stated in appellant's statement of points are waived. Stating in the points that an instruction or ruling of the court 'was erroneous,' or that 'a motion for a new trial was not supported by sufficient evidence,' or the like, without giving any specific reason therefor, is too indefinite to present any question." *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245. See, also, *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Kelley* v. *Bell* (1909), 172 Ind. 590.

Appellant, in connection with the first and second assignments of errors, asks this court to consider and weigh the evidence and render judgment as may seem right and proper on the whole case, as provided by section eight of the act approved March 9, 1903 (Acts 1903 p. 338, §698 Burns 1908). This act has been construed in the case of *Parkison* v. *Thompson* (1905), 164 Ind. 609, and held not to be mandatory. The legislature by this act did not contemplate a trial *de novo,* as this would require the court on appeal to exercise original as well as appellate jurisdiction in the same cause.

The rule as declared in the case of *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, is, that the decision of the trial court will only be disturbed when the evidence upon the controlling issue is documentary, by deposition, or otherwise of such a clear and conclusive character as to enable the court on appeal to say, as a matter of law, that such decision is erroneous.

The case at bar was tried by the court, and the hearing

NOVEMBER TERM, 1910. 35

Indianapolis Traction, etc., Co. *v.* Springer—47 Ind. App. 35.

occupied three days. The evidence, most of which was oral, takes up more than two hundred pages of the record. The burden was upon appellant to prove damages in some amount. We have examined the evidence and find that it conflicts on material matters. Without weighing the evidence of witnesses testifying at the trial—which we cannot do under the decisions—it is impossible to say that the cause was not determined upon its merits in the court below.

Judgment affirmed.

Myers, C. J., Hottel, Felt and Ibach, JJ., concur.

Lairy, P. J., not participating.