## WEBSTER v. BLIGH.

[No. 7,561.   Filed April 2, 1912.]

1. APPEAL.—*Briefs.*—*Failure of Appellant to Comply With Rules of Court.*—*Right of Appellee.*—Where the appellant's brief does not substantially comply with the rules of court, the appellee is not required to supply the omissions of appellant, nor to submit a brief on the merits, but he has a right to assume that the rules will be enforced.  pp. 57, 58.

2. APPEAL.—*Judgment.*—*Presumption.*—*Burden of Showing Error.* —On appeal every presumption is indulged in favor of the correctness of the judgment of the trial court, and the appellant has the burden of showing error therein, which he must do in the manner prescribed by the rules of the court.  p. 58.

3. COURTS.—*Rules.*—*Effect.*—When rules of court are adopted and published, they have the force and effect of law, and are obligatory upon the court, as well as upon the parties to causes pending before it.  p. 58.

4. APPEAL.—*Briefs.*—*Statement of Evidence.*—*Failure to Comply with Rules of Court.*—Where appellant made no effort to set out the evidence in his brief in the manner required by clause five of rule twenty-two of the court, but under the head of "The Facts" gave a history of the case from its inception, made up of the conclusions of counsel as to what the evidence was, together with comments and argument, no question on the evidence was thereby presented.  p. 59.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Martin J. Bligh against Weldon Webster.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Long, Yarlott & Souder* and *Weldon Webster,* for appellant.

*Lairy & Mahoney,* for appellee.

ADAMS, J.—This appeal is prosecuted from a judgment decreeing the specific performance of a written contract for the conveyance by appellant to appellee of certain real estate in the city of Logansport.  Error is predicated on the action of the trial court in overruling appellant's motion for a new trial, and in overruling his motion to modify the judgment.

In considering the errors assigned and relied on for reversal, it is necessary to have recourse to the evidence offered at the trial.

Appellee insists that no question is presented to this court for determination, for the reason that appellant has failed to set out in his brief a condensed recital of the evidence in narrative form, presenting the substance clearly and concisely.

It is shown by appellant's brief that there was a written contract between the parties, dated October 17, 1907, but neither the contract nor the substance thereof appears in the brief. A letter from appellant to appellee, dated April 27, 1908, is set out, wherein appellant made to appellee a certain, definite proposition for the settlement of the differences between them. It appears that this letter ratified the contract of October 17, 1907, with certain modifications. The brief also sets out a letter from appellee's attorney, showing an unqualified acceptance of the proposition as modified. Many other letters subsequently written, and relating to this matter, are referred to, but are not set out in the brief.

No effort was made to set out the evidence in narrative form, as required by clause five of rule twenty-two of this court. In lieu thereof appellant, under the head of "The Facts," has given a history of the case from its inception, made up of the conclusions of counsel as to what the evidence was, together with comments and argument.

1. Appellee in his brief has not supplied the omissions, and relies on his objection to the brief, without discussing the merits of the appeal. This was the clear right of appellee, under the decisions of the Supreme Court and this court.

The brief of appellee specifically points out the failure of appellant to observe the rules of court in the preparation of his brief, and appellant was fully advised of the nature of the objection urged. He did not seek to amend the same in

the particulars complained of, but, instead, filed an interesting and entertaining reply brief on the general subject of rules.

When an appeal is taken to this court, every presumption is indulged in favor of the correctness of the judgment of the trial court. The burden is on appellant to show 2. error in the decision and judgment appealed from, and the error complained of must be specifically pointed out, substantially in the manner provided by the rules. This court will not search the record for errors on which to reverse a judgment. Until appellant has 1. substantially complied with the rules, there is no occasion for appellee to submit a brief on the merits of the case. He is not required in his brief to supply omissions in the brief of appellant. He has a right to assume that the rule requiring appellant to set out the evidence in narrative form will be uniformly enforced.

In *Magnuson* v. *Billings* (1899), 152 Ind. 177 at page 180, 52 N. E. 803, the court said: "A rule of court is a law of practice, extended alike to all litigants who come 3. within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly despatch of business." In the same case it is held that when rules are adopted and published, they have the force and effect of law, and are obligatory on the court, as well as on the parties to causes pending before it. *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 107, 72 N. E. 1043; *Barricklow* v. *Stewart* (1904), 163 Ind. 438, 441, 72 N. E. 128; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701, 66 N. E. 899; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 66 N. E. 448; *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249, 66 N. E. 745; *Liebole* v. *Traster* (1908), 41 Ind. App. 278, 287, 83 N. E. 781; *Rush* v. *Kelley* (1905), 34 Ind. App. 449, 73 N. E. 130; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47

Ind. App. 30, 93 N. E. 678; *Price* v. *Swartz* (1912), 50 Ind. App. 627, 97 N. E. 938; *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508.

In the last case cited the court said, "Counsel refers to certain facts that were testified to by witnesses, and certain other facts that were not testified to, and supplements the statements with certain conclusions of his own as to what the evidence established. But this is not a compliance with the rule. That which is required by the rule is the substance of what the witnesses have said in giving their testimony."

In the case at bar there was no such compliance
4. with the rule of court as to present any question on the evidence.

The judgment is affirmed.

Lairy, J., not participating.

Note.—Reported in 98 N. E. 73. See, also, under (2) 3 Cyc. 275; (3) 11 Cyc. 742; (4) 1913 Cyc. Ann. 222. As to the effect of rules of court, see 41 Am. St. 643.