IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM AND NOVEMBER TERM, 1913,
IN THE NINETY-SEVENTH YEAR OF THE STATE.

---

### LEWIS v. THE MICHIGAN STOVE COMPANY.

[No. 8,018. Filed June 25, 1913.]

1. FRAUD.—*Action.*—*Complaint.*—A complaint for damages on account of fraudulent representations as to the solvency of a corporation of which defendant was president, alleging that the corporation was declared a bankrupt in 1907, that defendant was active in conducting the business of the company, that plaintiff sold the company goods and inquired of defendant, as president of the company, as to its financial condition, and was informed that the company was solvent and that its resources greatly exceeded its liabilities, that thereafter plaintiff requested from the company a statement of its financial condition and a statement was made out and signed by defendant representing its resources greatly in excess of its indebtedness and that the company was not a corporation, but a partnership, that defendant made such representations knowing them to be false, and for the purpose of inducing plaintiff to rely thereon and sell goods to the company on credit, that plaintiff was thereby induced to and did extend credit and did not sue to collect accounts then due, that the company owed plaintiff $775, that it had since been adjudged a bankrupt, and that a dividend of 12½% had been paid out of the bankrupt estate and that an additional dividend of 5% would be realized, sufficiently stated a cause of action. p. 3.

2. EVIDENCE.—*Presumptions.*—*Continuance of Conditions.*—Where the condition of bankruptcy has been established, it will be presumed to continue, in the absence of anything to the contrary. p. 4.

3. FRAUD.—*Misrepresenting Financial Condition of Corporation.*—*Action.*—*Effect of Adjudication of Bankruptcy.*—The bringing of

an action for damages on account of misrepresentations as to the financial condition of a corporation, which has since been adjudicated a bankrupt, need not be delayed until the bankrupt estate is finally settled, nor is the right of action affected by plaintiff's lack of knowledge as to the amount that will be realized from such estate. p. 4.

4. APPEAL.—*Briefs.—Statement of Evidence.*—Under the fifth clause of Rule 22 of the Supreme and Appellate Courts, where appellant has failed to set out in his brief a condensed recital of the evidence in narrative form, as required by such rule, the fact that appellee has failed to make corrections or supply omissions in such statement as appellant has set out does not require the court to take the same as being accurate and sufficient. p. 4.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by The Michigan Stove Company against David J. Lewis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. L. Bomberger* and *Bomberger, Sawyer & Curtis,* for appellant.

*George W. Galvin* and *Frank B. Pattee,* for appellee.

ADAMS, C. J.—Appellee brought this action against appellant for damages on account of alleged fraudulent representations as to the solvency of The East Chicago Hardware Company, a corporation of which appellant was president. The first error assigned calls in question the sufficiency of the complaint to state a cause of action.

From the averments of the complaint, it appears that The East Chicago Hardware Company commenced business in March, 1905, and was declared a bankrupt by the United States District Court in March, 1907. During that time appellant was actively engaged in conducting the business of the corporation. Appellee sold the hardware company goods at wholesale, and in July, 1906, held an overdue account against the company amounting to more than $500. Appellee did not know and had no means of knowing what the financial condition of the company was, and made inquiry of appellant, as the president of said com-

pany, in regard to its financial strength. Appellee was informed by statements in writing that the company was solvent, and that its resources were greatly in excess of its liabilities. On October 1, 1906, appellee wrote to the hardware company, requesting that it make a statement showing its financial condition, and enclosed a blank form on which to list its assets and liabilities. Such statement was made and signed by the appellant, in which it was represented that the resources of the company were over $36,000 and its total indebtedness less than $8,000. Appellant also represented in said signed statement that The East Chicago Hardware Company was not a corporation but a partnership, composed of himself and two others. The representations so made by appellant were false and known by him to be false at the time made, and were made for the purpose of inducing appellee to rely on the same, and to sell and ship goods to said company on credit, and to induce appellee to give further time on the account then due. At the time of making said written statement the company was insolvent, and was a corporation and not a partnership as represented. On account of said financial statement appellee was induced to and did extend credit, and did not bring action to collect its account then due, and was also thereafter induced to sell and deliver to said hardware company goods of the value of $500 before it learned of the insolvency of said company. At the time the hardware company was adjudged a bankrupt, it was owing appellee the sum of $775.94. A dividend of twelve and one-half per cent has been paid appellee out of the bankrupt estate, and an additional dividend of five per cent will be realized on said account.

The objection strongly urged against the complaint is, that it is not averred that appellee has suffered any loss on account of the representations made by appellant, and that the complaint alleges no damages. We think the complaint clearly states a cause of

action. It is averred that the hardware company was indebted to appellee in a large sum at the time it was adjudged a bankrupt. The condition of bankruptcy having been once established, in the absence of anything to the contrary, it will be presumed to continue.

3. That appellee did not know the amount it would realize from the bankrupt estate at the time suit was brought might affect the amount of the recovery, but could not defeat the right of action. The adjudication of bankruptcy in itself established the fact that the hardware company was unable to pay its debts. Appellee was not required to delay bringing action until the bankrupt estate was fully and finally settled. In the case of *Briggs* v. *Brushaber* (1880), 43 Mich. 330, 5 N. W. 383, 38 Am. Rep. 187, Judge Cooley, speaking for the court, said: "But controversies of the sort can only be determined in one way; the jury must judge the extent of the damage by such evidence of value as the parties may be able to produce, and to postpone a remedy until the time shall arrive when all possibility of error or mistake is precluded, would be grossly unjust, and in many cases equivalent to a denial of remedy."

The second error assigned is predicated on the overruling of appellant's motion for a new trial, and the point is made that the court erred in giving to the jury instruction No. 12. Whether the giving of this instruction was error depends on the evidence. Appellee insists that appellant has failed to comply with the rules of this court requiring a condensed recital of the evidence in narrative form to be set out in appellant's brief, so as to present the substance clearly and concisely. Appellant admits that his brief is insufficient in this regard, but urges that, under clause 5 of Rule 22 of this court, we must take the evidence as set out in his brief as accurate and sufficient, since appellee has failed to make the

corrections or supply the omissions. Our courts have not put such a construction on the rule in question.

In the case of *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73, it is said: ''When an appeal is taken to this court, every presumption is indulged in favor of the correctness of the judgment of the trial court. The burden is on appellant to show error in the decision and judgment appealed from, and the error complained of must be specifically pointed out, substantially in the manner provided by the rules. This court will not search the record for errors on which to reverse a judgment. Until the appellant has substantially complied with the rules, there is no occasion for appellee to submit a brief on the merits of the case. He is not required in his brief to supply omissions in the brief of appellant. He has a right to assume that the rule requiring appellant to set out the evidence in narrative form will be uniformly enforced.'' See, also, *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508; *Welch* v. *State* (1905), 164 Ind. 104, 72 N. E. 1043; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701, 66 N. E. 899; *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249, 66 N. E. 745; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678, and cases cited.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 391. See, also, under (1) 20 Cyc. 95; (2) 16 Cyc. 1052; (3) 20 Cyc. 90. As to false representations as to financial ability as basis for action for false representations, see 18 Am. St. 558.