MCNEIL *v.* RUSSELL ET AL.

[No. 14,559. Filed April 26, 1933.]

*Clark & Kahl* and *William H. Beeler,* for appellant.

*Aikman & Sawyer,* for appellees.

CURTIS, C. J.—This was an action on an alleged contract, to recover a broker's commission on the sale of a telephone plant. The complaint was in two paragraphs, neither of which is set out in appellant's brief. There is, however, a short statement of the substance of the complaint in the appellant's brief under the heading of "Nature of the Action." Appellant also says in his brief that: "The second paragraph is substantially as the first with the additional allegations that on said 22nd day of November, 1929, the defendant, John E. Russell for himself and on behalf of his co-defendant, executed a written agreement,—'That if and when the sale of our telephone plant known as the Cayuga Telephone Company's plant at Cayuga, this day contracted to be sold to Clyde O. Beers and Hazel M. Beers is approved by the Public Serv-

ice Commission of Indiana, we are to pay John F. McNeil a commission of $580.00.'

"That subsequently said defendants and said Clyde O. and Hazel M. Beers filed their petition with the Public Service Commission asking the approval of said sale. That said petition came on for hearing and while said petition was being heard defendants refused to proceed to a final hearing and withdrew from said hearing and have since attempted to have said petition dismissed and are now objecting to the payment of said $580.00 for the reason that the Public Service Commission has not approved said sale.

"That said petition had not been dismissed but is still pending before said Commission. That if the defendants had continued said hearing said sale would have been approved. That defendants subsequent to their refusal to continue said hearing have paid said Beers and Beers $1,500.00 to rescind said contract of sale. That said Beers and Beers were ready, willing and fully able to complete said purchase and would have done so but for the refusal of defendants to consummate the same."

The record discloses that there was a motion to dismiss the first paragraph of the complaint, a motion to strike out parts of the second paragraph and a motion to make more specific, each of which was overruled. Said rulings are not involved in this appeal. The appellees filed a demurrer to the complaint as follows: "Comes now the defendants, John E. Russell and Susie Russell and demur to plaintiff's complaint, hereinbefore filed on the 22nd day of April, 1930, and to each paragraph thereof, separately and severally considered upon the following grounds, appearing on the face thereof, and each of them separately and severally considered, to-wit.: First. That neither said complaint nor either paragraphs thereof, separately and severally considered states facts sufficient to constitute a cause of action against said defendants."

There was a memorandum filed with the demurrer consisting of eleven different specifications occupying more than a full page of the record, none of which specifications are set out in appellant's brief nor is their substance given. Each of said specifications purported to point out defects in each paragraph of the complaint. The court sustained the demurrer to the first paragraph of complaint and overruled it as to the second paragraph. The ruling on the demurrer as to the first paragraph is assigned as one of the errors relied upon for reversal.

The appellant filed an answer in general denial to the second paragraph of complaint and upon the issues thus joined there was a trial before the court, with a finding and judgment for the appellee. The appellant filed a motion for a new trial which was overruled, and this appeal prayed and perfected. The causes in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Neither the complaint nor the demurrer addressed thereto are sufficiently presented in the appellant's brief to enable us to pass intelligently upon the ruling of the court on the said demurrer but the appellees in their brief have supplied the defect and have set out the complaint and demurrer verbatim. But the appellant has not presented any question as to the ruling on the demurrer. In his brief under his heading of "Points" he quotes section 362 of Burns' R. S. 1926, and makes no application of it in any way to the instant case. It is a mere abstract quotation of the statute above mentioned. See Rule 22 clause 5, Rules of Supreme and Appellate Courts. See also, *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; *Pattison et al.* v. *Grant Trust and Savings Company, Administra-*

*tor* (1924), 195 Ind. 313, 144 N. E. 26; *Martin* v. *State ex rel Eidson* (1931), 93 Ind. App. 26, 177 N. E. 354.

The causes in the motion for a new trial, relied upon by the appellant, require an examination of the evidence. Clause 5 of Rule 22 of this Court, among other things, provides as follows: "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate and sufficient for a full understanding of the question for decision unless the opposite party in his brief shall make necessary corrections or additions."

The above rule has been interpreted many times by our courts. In the case of *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73, the court said: "When an appeal is taken to this court, every presumption is indulged in favor of the correctness of the judgment of the trial court. The burden is upon the appellant to show error in the decision and judgment appealed from, and the error complained of must be specifically pointed out, substantially in the manner provided by the rules. This court will not search the record for errors upon which to reverse a judgment. Until the appellant has substantially complied with the rules, there is no occasion for the appellee to submit a brief on the merits of the case. He is not required in his brief to supply omissions in the brief of appellant. He has a right to assume that the rule requiring appellant to set out the evidence in narrative form will be uniformly enforced." See also: *Michael* v. *State of Indiana* (1912), 178 Ind. 676, 99 N. E. 788; *Welch* v. *State* (1905), 164 Ind. 104, 72 N. E. 1043; *Pittsburgh, etc., R. R. Co.* v. *Wilson* (1903), 161 Ind. 701, 66 N. E. 899; *Security Accident and Sick Benefit Association* v. *Lee* (1903), 160 Ind. 249, 66 N. E. 745; *Ireland et al.* v.

*Huffman et al.* (1909), 172 Ind. 278, 88 N. E. 508. It is settled law that where the appellant has not substantially complied with the rule, that the appellee need not supply the omissions but may rely upon the court to enforce the rule. See *Webster* v. *Bligh, supra.* See also the cases cited above.

We think that the appellant has failed to present any question as to the evidence. He certainly has not made a substantial compliance with the rule. There is but a meager statement of the evidence of the witnesses, lacking much of being a condensed recital. There is not even a meager statement in the brief as to exhibits 1, 3, 4 and 5. Rule 22 has been in force in its present form for such a length of time and has been so often construed by the courts that little or no reason exists for a failure to comply substantially with it. By his failure to comply with the rule, the appellant is not in a position to insist upon the determination of the questions sought to be presented in the motion for a new trial.

Notwithstanding the inadequacy of the appellant's brief we have examined the record. The cause seems to have been fairly tried and the correct result reached. We find no reversible error.

Judgment affirmed.