HUMPHREY *v.* PLEASURE PARK COMPANY ET AL.

[No. 14,947.   Filed November 23, 1933.]

*Paul H. Schmidt,* for appellant.

*Ollie C. Reeves,* for appellee.

BRIDWELL, J.—Appellant instituted this proceeding before the Industrial Board of Indiana to recover compensation for an injury which he alleges he sustained by reason of an accident arising out of and in the course of his employment by appellee, Pleasure Park Company. Such proceedings were had that four members of said board, upon review, made a finding and award against appellant, denying him compensation. The finding is "that at the time plaintiff received his alleged accidental injury he was not an employee of the defendant, Pleasure Park Company, within the meaning of the Indiana Workmen's Compensation Act, and said alleged injury was not the result of an accident arising out of and in the course of his employment by the defendant."

Upon appeal four errors are assigned upon which appellant relies for reversal, among which is that the award of the full Industrial Board is contrary to law. This assignment is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.

Appellees contend that no question is presented for our consideration since the error relied upon for reversal requires a consideration of the evidence, and that appellant's briefs fail to contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, as required by clause five of Rule 22, of the Rules of the Supreme and Appellate Courts of Indiana. Appellant in his reply brief and on oral argument admits that he omitted the evidence of some of the witnesses entirely, but asserts that such

omitted evidence was "unnecessary for the presentation and consideration of the law questions involved;" that such testimony was cumulative and would have unnecessarily encumbered the record. Appellees have not supplied the omitted evidence but call our attention to the place in the record where such evidence can be found and assert that there is ample evidence to sustain the findings of the board.

A consideration of the evidence is necessary to determine the questions presented. We will not search the record to determine the conflicting claims of the parties as to the sufficiency of the evidence. Appellees need not supply omissions in appellant's brief but have a right to assume that the rule requiring an appellant to set out a condensed recital of the evidence in narrative form will be uniformly enforced. *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Lewis* v. *Michigan Stove Co.* (1913), 54 Ind. App. 1, 102 N. E. 391; *Sanders-Egbert Co.* v. *Getts* (1923), 80 Ind. App. 328, 141 N. E. 9; *Martindale* v. *Corbin* (1924), 82 Ind. App. 324, 145 N. E. 926; *Crawfordsville Trust Co.* v. *Burke* (1927), 92 Ind. App. 558, 157 N. E. 6; *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *Wallace* v. *Shoemaker* (1924), 194 Ind. 419, 143 N. E. 285; *Henderson* v. *State ex rel., etc., Co.* (1926), 198 Ind. 608, 154 N. E. 378.

In the instant case it is charged by appellees and not denied by appellant that the evidence of three witnesses who testified at the hearing before the board is wholly omitted; that out of twelve exhibits introduced in evidence appellant's brief mentions only three. It is also claimed by appellees that all of the evidence given on the cross-examination of four witnesses is omitted with no attempt made to give a condensed recital thereof in any form; that in instances where appellant attempts to recite the testimony of any wit-

ness it is done only by way of conclusions of the writer of the brief, and not in narrative form. An examination of the brief challenged shows that the assertions made by appellee are true, and that there has not been a substantial compliance with the rule invoked.

When the question to be determined on appeal requires a consideration of the evidence the party appealing can not entirely omit from the condensed recital of the evidence as required by the rule, testimony which he deems irrelevant, although admitted over his objection. When testimony of witnesses and exhibits admitted in evidence are purposely omitted, it can not be rightfully claimed that a "good faith effort" has been made to comply with the rule.

Appellees insist that we enforce the rule and contend that the rule of the Supreme Court and this court, when adopted and published, have the force and effect of law, and are obligatory upon the court, as well as upon parties to causes pending before it. We must agree with this contention. *Magnuson* v. *Billings* (1889), 152 Ind. 177, 52 N. E. 803; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3.

In the case at bar there was no such compliance with the rule of court as to present any question dependent on the evidence.

The award is affirmed.

Kime, C. J., absent.