MUELLER ET AL. *v.* WHITE.

[No. 15,498.   Filed November 7, 1935.]

*Adolph Emhardt, Ed Jackson* and *Howard D. Phillips,* for appellants.

*J. J. McShane* and *W. A. Royse,* for appellee.

BRIDWELL, J.—After a hearing upon an application for review of an award by one member of the board, the full Industrial Board of Indiana made an award of compensation against appellants and in favor of appellee, the surviving widow of one Thomas M. White, who had filed her application against appellants, alleging therein her dependency and that the death of her husband was caused by an accident arising out of and in the course of his employment.   From the award so

made this appeal was perfected, appellants assigning as error that the award is contrary to law.

From their brief we quote the contentions of appellants, as follows: "It is the contention of appellant (1) that decedent was not an employee but an independent contractor. (2) That the accident did not arise out of and in the course of the employment."

Appellee contends that no question is presented to this court for review, and directs our attention to the fact that appellants have wholly failed to include in their brief any condensed recital of the evidence as required by rule 21, clause 5, of the rules of the Supreme and Appellate Courts of this state in cases where the sufficiency of the evidence is challenged.

The two questions sought to be presented by appellants, viz., whether the deceased was an employee or an independent contractor, and whether his death resulted from injury sustained by reason of an accident arising out of and in the course of his employment, are both questions of fact which can be determined only from the evidence, and it is true that the brief of appellants makes no attempt to inform this court as to the evidence, but is entirely silent in this respect. When an appellant seeks to have any question that requires a consideration of the evidence determined on appeal, he must incorporate in his brief a condensed recital of the evidence, or he will fail in the accomplishment of his purpose. *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 187 N. E. 682, and cases therein cited.

At the request of counsel an oral argument was heard in this cause, and, at said argument appellants asserted that appellee, in her brief, had set out sufficient evidence relating to the question of whether the death was due to an accident arising out of and in the course of the employment as to require of this court that it deter-

mine whether the finding of the Industrial Board was sustained by the evidence bearing on that question. In view of this contention we have carefully examined the brief of appellee, and find that it does not purport to give any condensed recital of the evidence as a whole, but does call our attention to a part of the evidence which appellee deems sufficient to sustain the finding made by the board.

Appellants having failed in their brief to give any recital of any of the evidence, and appellee having supplied only a part of the evidence, no question as to the sufficiency of the evidence to sustain the finding upon which the award is based is properly presented.

Award affirmed and increased 5 per cent as required by statute.