WITTE *v.* WITTE, ET AL.

[No. 18,437. Filed June 25, 1953. Rehearing denied July 28, 1953.]

*Charles Mendenhall,* of Indianapolis, for appellant.

*Elmer G. Schlott* and *Frank A. Symmes, Jr.,* of Indianapolis, for appellees.

KENDALL, C. J.—Appellees filed motion to dismiss or affirm this appeal for failure of appellant to comply with Rule 2-17 in the preparation of his brief.

Appellees contend that appellant's brief is insufficient in that it does not set forth a concise statement of the record; neither does it contain a copy of the complaint or answer thereto, and that appellant has not shown a good faith effort to comply with said Rule. It is further pointed out that a narrative form of the evidence has failed to be set forth in appellant's brief.

After a review of the appellant's brief, consisting of eight and one-half pages, the court is of the opinion that there has not been a good faith effort made on the part of the appellant to comply with the rules of this court so as to present clearly any questions intended to be presented. There does not appear to be a correct summary of the evidence so as to sufficiently advise the court as to what the evidence was without reference to the transcript. The evidence given by the appellant is approximately three typewritten pages and purports to be nothing more than

a statement of the appellant's contention or beliefs and at most are conclusions of the appellant. The record contains ninety-seven pages of evidence. There were four witnesses—two for the appellant and two for the appellees. There is not a narrative statement of the evidence of the appellee, Betty R. Witte. The only narrative statement as it is is that of the appellant himself. No reference being made as to what evidence was given by two witnesses.

There is a failure of the appellant to mention the many exhibits which are contained in the record. Appellant shows motion for new trial under the heading, "How the Issues were Decided and What the Judgment Was". In the three pages of the recital of the evidence, the evidence is commingled with appellant's alleged errors. For instance, following a portion of the evidence is the following statement:

"The trial court erred in sustaining an objection to a question asked appellant at the time they were going to close the deal for the purchase of this real estate about a conversation with co-appellee, Betty R. Witte. . . ."

There further appears under the narrative statement of the evidence other references of the appellant as to the court's alleged errors. It is most difficult to sift the appellant's contention as to what the errors are from the recital of the evidence as given.

It is further to be noted that the appellant's brief does not contain the assignment of errors or the index thereof.

This court has held that the judgment of the lower court must be affirmed for failure of appellant to set out in his brief the errors relied upon and where they fail to inform the court except by inference what the assignment of errors are. *Griffith* v. *Felts* (1912), 52

Ind. App. 268, 99 N. E. 432, *Waggoner v. State* (1949), 227 Ind. 269, 85 N. E. 2d 642.

This court will not search the record in order to reverse. *Lake Motor Freight Line* v. *N.Y.C.R. Co.* (1950), 228 Ind. 371, 92 N. E. 2d 221.

Under the heading of "Argument" in the appellant's brief, there is a total lack or failure to give the specifications of the assigned errors which are intended to be urged and each cause in the motion for new trial which is intended to be urged by the appellant. The argument portion of the brief is not in accordance with Rule 2-17 (e). Mere propositions of law are quoted and citations given. The appellant has altogether failed to apply the cases cited to the facts of the instant case and the application thereof.

This court does not desire to dispose of litigation by mere technicalities. The rules of the Supreme Court are clear and concise and it is the duty of attorneys to prepare their briefs in accordance therewith. In some instances slight failure to follow the rules has been overlooked so that the merits of the case might be decided; however, in this case, there is altogether a lack of good faith effort on the part of the appellant to prepare his brief pursuant to the rules. For this court to consider this cause further on the merits would require us to disregard the rules in regard to the preparation of appellant's brief and would further require us to perform the work of the attorney to obtain a knowledge of the record and the questions involved sufficient for the performance of the duty of deciding the cause. Not only should the court not be expected to practice law in a case before it, but it should abstain therefrom.

This court is not disposed to require the strictest observance of technicalities, though greater labor be imposed upon us by inadequacy of presenta-

tion; but the rules of the court constitute part of the law and cannot be waived or ignored. *Franklin Ins. Co.* v. *Wolff* (1903), 30 Ind. App. 534, 66 N. E. 756.

It has been held many times by this court that this rule must be substantially observed in order to present any question and that the briefs must be prepared so that all questions of error can be determined by the court from an examination of the brief without examining the record. This we cannot do from the appellant's brief as presented. *Hauser* v. *Markwell* (1942), 111 Ind. App. 420, 41 N. E. 2d 652, *Mullahy* v. *City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563, *Johnson* v. *Bebout* (1915), 59 Ind. App. 159, 108 N. E. 967.

Notwithstanding the fact that numerous omissions of the appellant's brief were called to his attention by appellees' motion, there has not been any request for authority to amend the appellant's brief. He, therefore, had a right to assume that the rule requiring the appellant to prepare his brief pursuant to Rule 2-17 would be uniformly enforced by this court. *McNeil* v. *Russell* (1933), 96 Ind. App. 428, 185 N. E. 343 and authorities cited therein, *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 187 N. E. 682.

The rules of the Supreme Court and this court when adopted and published have the same force and effect as law and are binding alike upon the courts and litigants before them. *Washington Natl. Ins. Co.* v. *Hines* (1937), 103 Ind. App. 497, 8 N. E. 2d 1011, *Humphrey* v. *Pleasure Park Company, supra.*

It would serve no useful purpose for showing further in detail the inadequate manner in which appellant's brief has been submitted. We must, therefore, concede the right of the appellees to insist on substantial com-

pliance with the requirements of our rules concerning briefs of appellants.

Judgment affirmed.

NOTE.—Reported in 113 N. E. 2d 166.