WATERS ET AL. *v.* PERFECT CIRCLE CORPORATION.

[No. 18,443. Filed September 10, 1953. Rehearing denied October 26, 1953.]

*Peter P. Uzon,* of Cleveland, Ohio, and *Livengood & Livengood,* of Richmond, for appellants.

*James L. Murray* and *Murray, Mannon, Fairchild & Stewart,* of Indianapolis, for appellee.

KENDALL, C. J.—The appellee filed motion to dismiss this appeal, challenging the sufficiency of the appellants' brief in that there is a failure to comply with Rule 2-17 (d). The motion as filed calls the court's attention to many alleged defects in appellants' brief, among which are the following: ". . . (c.) There is no showing in appellants' Statement of the Record that there was a decision of a single member of the Industrial Board, and, if there was one, it is not set out in appellants' brief either in full or in substance. (d.) There is no showing in appellants' Statement of the Record that appellants filed within time an application to review the original finding and award, if there was one. (e.) There is no showing in appellants' Statement of the Record that the cause was presented to the Full Industrial Board or that the Full Industrial Board ever made a finding and order herein. (f.) If there was a final finding and order of the Full Industrial Board in this cause, it is not set out in appellants' brief either in full or in substance."

Rule 2-17 (d) of the Supreme Court provides that the brief of the appellant shall contain "(d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript."

In the instant case, the appellants assign as error that the award of the Full Industrial Board is contrary to law. The court has carefully examined appellant's brief and fails to find where even the substance of the appellant's application for an award is set out; neither do we find the judgment or order of a single member nor that of the Full Industrial Board

given in full or in substance. The court must, therefore, go to the transcript itself to determine what the issues and judgment were; also if an appeal was prayed for or granted. Neither is there a showing that the appeal was filed within thirty (30) days after the order of the Full Industrial Board. These are all matters of such a vital nature in the preparation of an appellant's brief that in the absence thereof this court cannot say that the appellants have made a good faith effort to comply with the rules of this court. It has been held that it is the duty of an appellant in the preparation of his brief to inform the court what actually took place or what happened in the lower court. *Williams* v. *Utilities Engineering Institute* (1946), 116 Ind. App. 452, 64 N. E. 2d 302.

We find nothing in the appellants' brief that gives the court any information actually as to whether a Bill of Exceptions was filed, approved and made ■ a part of the record. Upon appellants' failure to so do, there is no question presented to this court for consideration. *Heckman* v. *Howard* (1941), 109 Ind. App. 548, 36 N. E. 2d 957; (See also Flanagan, Wiltrout and Hamilton, paragraph 2677, p. 305).

The court likewise fails to find any statement or order in the appellants' brief by which this court can determine what occurred or order made by the ■ single member or the Full Board without resorting to the record, and this the court is not required to do. *Yiatros* v. *Cole et al.* (1946), 117 Ind. App. 19, 68 N. E. 2d 657. This court has heretofore affirmed a judgment of the lower court where there was no attempt to set forth a concise statement of the record. *Egger* v. *Huff* (1948), 118 Ind. App. 461, 81 N. E. 2d 378.

It has likewise been heretofore held that rules of this court have the force of statute and are binding alike on the parties and the court. *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. 2d 57; *Washington Natl. Ins. Co.* v. *Hines* (1937), 103 Ind. App. 497, 8 N. E. 2d 1011; *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 187 N. E. 682.

It has likewise been held many times that the rules of the Supreme Court must be substantially complied with in order to present any question and that briefs must be prepared so that all questions of error can be determined by the court from an examination of the brief without examining the record. This we cannot do from the examination of the appellants' brief. *Hauser* v. *Markwell* (1942), 111 Ind. App. 420, 41 N. E. 2d 652; *Mullahy* v. *City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563.

The numerous omissions in the appellants' brief were called to the attention of the appellant over a month ago and notwithstanding there has not been any request for authority to amend appellants' brief. It is the general rule, therefore, that the appellees had a right to assume that the rules requiring the appellants to prepare their brief pursuant to Rule 2-17(d) would be uniformly enforced by this court. *McNeil* v. *Russell* (1933), 96 Ind. App. 428 (and authorities therein cited), 185 N. E. 343.

In view thereof, the appellants' brief does not comply with Rule 2-17(d) of the Supreme Court and does not contain the essential matters required.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 2d 436.