## J. G. MILLER AND ANOTHER v. N. BURCH.

1—It is well settled that a corporation can exercise no other powers than those clearly delegated in the act of incorporation, or arising, by necessary implication, from such delegated powers.

2—An ordinance of a town, which is not warranted by its charter, is void, and can furnish no justification to persons acting under its authority.

3—A particular trade may constitute a nuisance, when carried on in a populous neighborhood; but the buildings in which it is conducted are not nuisances of themselves, nor liable to be demolished by way of abating the nuisance created by their misuse.

4—The property in a house so misused is protected by the constitution from

summary sale or demolition by authority of an incorporation, although the corporation is empowered by charter to remove nuisances.

5—Where, as in this case, the nuisance was caused not by the building itself, but by the uses to which it was put, the demolition or sale of the building was not the necessary or proper mode of abating the nuisance.

APPEAL from Bastrop.   Tried below before the Hon. David Sheeks.

Among the powers conferred by the charter of the town of Bastrop upon its authorities was that of "removing nuisances."

The appellants, Miller and his wife, were the owners of some old buildings in the town, which had formerly been used as a livery stable, but which, being left unoccupied, had become dilapidated, and were resorted to as a "sink."  A petition of the citizens to the town council to have them removed as a nuisance was entertained by the town authorities, who declared the buildings a nuisance, and caused their town marshal to notify the agent of the appellants to remove them within ten days, or the corporation would have them sold and removed at the expense of the appellants.  The appellants refused to remove the buildings, and the town marshal, in pursuance of the town ordinances, proceeded to advertise the houses for sale. On the day of sale the appellants, through their agent, forbade the sale, but it was persisted in, and the defendant bought one of the houses at the price of fourteen dollars.  After his purchase he tore down and removed the house, regardless of notice given him by the appellants, through their agent, that he should desist.

The appellants brought this action for damages.  The validity of the town ordinances, and the legality of the acts of the town marshal by virtue of them, were the questions on which the case turned.  The instruction given to the jury on these questions sufficiently appears in the opinion of the court.  There was a verdict for the defendant, and judgment against the plaintiffs, from which, after a refusal of a new trial, they appealed.

*Jones & Sayers*, for the appellants, cited 12 Pick., 184 ; 2 Barbour, 104.

*J. B. Rector*, for the appellee, cited 17 Texas, 489 ; 27 Texas, 68 ; and cases there cited.

Caldwell, J.—The question is, whether the defendant, sued as a trespasser for pulling down and removing plaintiff's livery stable, can shelter himself under an ordinance of the town council of Bastrop, which ordered the sale and removal of the stable as a nuisance ?

The question is well settled that a corporation can exercise no power not clearly delegated in the act of incorporation, or arising by necessary implication out of some delegated power. (Angel & Ames, on Corporations, 97.) An ordinance, therefore, not warranted by the charter, is void, and can furnish no justification to persons acting under its authority. (Sedgwick on Stat. and Cons. Law, 466 and 468; Welch v. Stowell, 2 Doug. Mich. R., 323.)

The term "nuisance" is well understood, and means, literally, annoyance—anything that worketh hurt, inconvenience, or damage. (Blackstone, 3 Comm., 216; Burditt v. Swenson, 17 Tex., 489.) They arise from pursuing *particular trades* in populous neighborhoods; from acts of public indecency ; keeping a disorderly house, a house of ill-fame, a gaming house, a livery stable, and the like. (2 Bouv., 248.)

The buildings in which the particular trades are carried on, or the houses which may be kept in a disorderly manner, or used for unlawful purposes, are not *per se* nuisances ; but it is the *abuse* of them only which constitutes the nuisance. (Burditt v. Swenson, 17 Tex., 489 ; Dargan v. Waddell, Iredell and An. R., 244; Welch v. Stowell, 2 Doug. Mich. R., 323. The *property* in these tenements is protected by the constitution from such a summary process, and can not be taken or demolished for public uses, except on the award of competent authority and compensation therefor. (Sedg. on Stat. and Cons. Law, 464.)

If the common council may make such an ordinance in respect to the comparatively valueless stable of the plaintiff, why not a like one to be executed on the most elegant and costly

edifice in the town, provided it should be used for some vicious or profligate purpose, and that, too, without the knowledge or consent of the owner?

In the case before us the nuisance was not caused by the erection itself, but by the persons who resorted there, and the municipal authorities are armed with sufficient power to suppress the nuisance without resorting to the demolition of the building.

We are of opinion, therefore, that the court erred in charging that if the jury "believe, from the evidence that the board of mayor and aldermen, by ordinance and resolution, condemned the said stable as a nuisance, and that in pursuance of this authority to abate the same the stable was sold to the defendant, in which event you will find for the defendant," for which error the judgment is reversed and new trial awarded.

Reversed and remanded.