Filed Nov. 23, 1893.

No. 16,846.

STEFFY *v.* THE TOWN OF MONROE CITY.

MUNICIPAL CORPORATION.—*Ordinance.*—*Validity of.*—*Liquor Law.*—*Removal of Screens, etc.*—A municipal corporation has not the power to make an ordinance requiring the removal, from the doors or windows of saloons, of all screens and other obstructions to the view of the interior of, and business transacted within, such saloon; such an ordinance being void, as being prohibitive of a lawful business, and not merely regulative.

From the Gibson Circuit Court.

*W. A. Cullop, C. B. Kessinger, C. A. Buskirk* and *J. W. Brady,* for appellant.

*E. F. Ritter* and *H. L. Ritter,* for appellee.

HACKNEY, J.—The appellee sued the appellant, in the Knox Circuit Court, for the recovery of penalties prescribed by its ordinance, for maintaining a saloon for the sale of intoxicating liquors without removing from the doors and windows thereof all screens and other obstructions to the view of the interior of and the business transacted within such saloon. The venue of the cause was changed to the Gibson Circuit Court, where, upon issues formed, a hearing resulted in findings and judgment

against the appellant. Upon proper assignments of error, the validity of the ordinance in question is attacked in this court.

The ordinance, one section of which was set forth in the complaint, and the whole, as introduced in evidence, is, in its essential features, the same as that involved in the case of *Champer* v. *City of Greencastle*, 35 N. E. Rep. 14, except that it contained no preamble declaring an object to aid in the detection and prosecution of crimes,. and it contained no provision excepting its application to saloons having the usual and ordinary shutters.

It is earnestly and ably insisted that the ordinance is unreasonable in its interference with, and restrictions upon, the lawful traffic in intoxicating liquors, and that, being unreasonable, it is void. Numerous authorities are cited in support of this insistence, and they would, in many instances, appear to support this view, but we do not adopt them in limits to which their language seems. to extend. It is firmly settled that when legislative power has been extended, its exercise necessarily involves the authority to determine whether its results are reasonable or unreasonable, and if the judiciary assumes to pass upon the reasonableness or unreasonableness of the results which flow from the exercise of that power, it departs from its functions as one of the independent coördinate branches of the government. *A Coal-Float* v. *City of Jeffersonville*, 112 Ind. 15; *Cleveland, etc., R. W. Co.* v. *Harrington*, 131 Ind. 426.

It would result in the greatest confusion of decisions to permit, in any case, the introduction of evidence as to the effect of an ordinance upon a business, trade or occupation. The jury would, in one case, hold that under the facts proven, the ordinance was invalid, while, in another case, with more or less evidence of its hurtful consequences, the ordinance would be held valid. Nor

would it be more just to permit the reasonableness of an ordinance to be determined by the court, as a question of law, arising upon the face of the ordinance, and from a judicial knowledge of its harmful effects. To do so would be to deny the right of the legislative branch of the government, whether local or general, to judge of the wisdom and prudence of its own enactments, or it would result in the coexistence of power in the legislative and judicial departments to judge of that wisdom and prudence, which would invite endless conflict of decision between the departments.

The exact question here is, as it must be in every case involving the exercise of legislative functions, does the power exist to pass the act or adopt the ordinance?

As we said in *Champer v. City of Greencastle, supra,* "Municipal corporations have such powers only as are conferred upon them by the act of the Legislature creating them, and such incidental powers as are implied by their creation, and as are essential to the accomplishment of the purposes of their creation, and for their continued existence."

In that case it was held that cities had no power to pass such an ordinance as that now before us, and we must adhere to that ruling. If there is no greater power given by the Legislature to towns than to cities, with respect to the liquor traffic, that case must, in its conclusion, rule the present. Cities have the express power to *license* and *regulate* the sale of liquors. R. S. 1881, sections 3106 and 3154.

The language of the grant of power to towns is as follows: "To license, regulate, or restrain  *  *  *  the sale of spiritous, vinous, malt, or other intoxicating liquors." R. S. 1881, section 3333.

The ordinance in question, while not expressly denying, does infringe the power of the saloon-keeper to sell

under a license, although counsel for the appellee insist that the town possessed the power to deny such right. We can not believe that by the use of the word "restrain" in the grant of power, the Legislature intended to confer upon towns the power to prohibit the traffic. If such were the necessary construction of the power, it would be of doubtful validity, in view of the fact that cities are given no such power, and the general system of licensing the traffic under State legislation, in all parts of the State, would be wholly inconsistent with the possession or exercise of prohibitory power by towns.

The complaint does not allege that the appellant was conducting his business without a license from the State or from the appellee, and we can not presume that he was not conducting it without licenses, and making sales in violation of law. The power, therefore, which the appellee could have exercised, and that which we presume she attempted to exercise, was to "regulate" the sales of liquor by saloon-keepers.

As we held in Champer v. City of Greencastle, supra, the ordinance fails in this attempt, in that it exceeds the power to regulate the sales of liquor. The ordinance clearly creates an offense, and prescribes a penalty, which may be complete if no sales of liquor are made or attempted. It does not attempt to prescribe the conditions under which the sales that are authorized by the State and by the town may be made, either as to time, place or persons. It is manifestly a departure from the power given to regulate the sales of liquor, and if the departure made can be upheld the question of the limit of power no longer exists.

When we have passed beyond the scope of the power given, we must then uphold an exercise of the most extreme power. To permit this excess of power would give sanction to a requirement that the liquor traffic may only

be conducted under circumstances rendering it practically impossible to conduct it at all.

Any such requirement would be prohibitive and not in the line of regulation. So the ordinance before us is prohibitive, to the extent that it departs from the power to regulate. It is claimed that the ordinance should find favor and support in the fact, as it is urged, that in saloons the law is violated, and that a clear view of the transactions of the saloons by the public and its officers will facilitate the detection and punishment of such violations.

We are not at liberty to presume that a business conducted under the legislative sanction of the State and of the town is conducted in violation of law. In the courts, all lawful business must be presumed to be conducted in a lawful manner.

The more obvious purpose of the ordinance was to expose to the view of the public those persons of the town who might visit the saloons and drink intoxicants therein, and by reason of such exposure deter them from such visits, thereby not only restraining such patrons in their desires for intoxicants, but in the same proportion curtailing the business of the saloon-keeper. Such an object is prohibitive, and is not within the powers conferred upon towns.

If the wisdom of the measure were before us, we should be slow to approve it, for the reason, as well stated by counsel for the appellant, if the moral example of drinking be a bad one it should "not be thrust too glaringly, and with too corrupting influence, upon the passing public, mixed of all ages and sexes of people."

The distinction between this case and those cases holding valid screen ordinances, relating to times when it is not lawful to make any sales, is patent.

In the one no prohibitive power exists, while in the

other it clearly does exist. In the one the Legislature and the town have given the right to make sales, and in the other the Legislature has not only failed to give the right to make sales, but has expressly prohibited sales. Therefore the conflict claimed does not exist.

We conclude, therefore, that the ordinance in question is void, and that it was error to overrule the demurrer to the second paragraph of complaint.

The judgment of the circuit court is reversed.

Filed Nov. 8, 1893.