TOWN OF BLOOMFIELD v. WEST ET AL.

[No. 9,615. Filed November 26, 1918.]

1. APPEAL.—*Questions Reviewable.—Briefs.—Sufficiency.*—On an
appeal from a judgment for damages against an incorporated
town for alleged wrongful destruction ·of property, where the
transcript of the evidence covered 280 pages of the record, but
appellant's brief set out only an ordinance involved and notice to
plaintiffs to remove the property, a copy of the deed to plaintiffs
for the property in controversy, and a condensed recital in six
lines of the testimony of the town marshal, who destroyed the
property on' the order of the town board of trustees, the presenta-
tion of the evidence was insufficient under Rule 22 of the Appel-
late Court governing the preparation of briefs, so that questions,
the determination of which require a review of the evidence,
cannot be considered.  p. 570.

2. MUNICIPAL CORPORATIONS.—*Nuisances.—Powers of City.*—A
municipal corporation, although empowered by law to declare
what shall constitute a nuisance, may not declare that to be one
which in part is not.  p. 573.

3. EVIDENCE.—*Judicial Notice.—Nuisances.—Frame Barn.*—It is a
matter of judicial knowledge that a frame barn or similar struc-
ture, lawfully and properly erected and maintained on private
property in a reasonably safe condition, cannot, in and of itself,
be a public nuisance.  p. 573.

4. MUNICIPAL CORPORATIONS.—*Public Nuisances.—Wrongful Use of
Property.—Abatement.—Powers of City.*—The use or condition
of a frame barn or similar structure may become objectionable,
so that action may be taken by a municipal corporation to abate
or remove the nuisance thus created, but such power must not be
exercised to a degree greater than is necessary to preserve the
public interest.  p. 573.

5. MUNICIPAL CORPORATIONS.—*Nuisances.—Wrongful Use of Prop-
erty.—Abatement.—Powers of City.*—If a nuisance arises out of
the improper use of a building and is not inherent in the struc-
ture, the municipal corporation may regulate the use, but it
cannot order a destruction of the building; and, if the offense is
inherent in the structure, a demolition thereof may not be resorted
to, if, prior to the exercise of municipal authority, the objection-
able features have been eliminated.  p. 574.

6. APPEAL.—*Review.—Harmless Error.—Repetition of Instruction.*
—The single repetition of a correct proposition of law in the

course of nearly thirty instructions does not constitute reversible error, even though not good practice. p. 574.

7. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In an action against a municipal corporation for the wrongful destruction of a building, defendant cannot complain of an instruction failing to point out the effect of a private abatement of a nuisance which is about to become the object of municipal action, since the omission, if error, operated in its favor. p. 574.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Mary B. West and another against the town of Bloomfield. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Webster V. Moffett* and *Allen G. Pate,* for appellant.

*Slinkard & Vosloh* and *William L. Cavins,* for appellee.

HOTTEL, J.—Appellees are the owners of a certain lot in the town of Bloomfield on which, prior to the year 1910, there was maintained a frame structure which, for some years, had been used as a livery barn. On November 15, 1909, the town board of trustees duly and regularly adopted an ordinance which provided "that it shall be unlawful to erect, construct, or suffer to remain standing, any building or structure that will be or has become unsafe for occupancy, or dangerous or detrimental to life, health, or safety to property within the corporate boundaries of said town of Bloomfield. Any such building or structure is hereby declared to be and to constitute a nuisance and shall be abated by demolition and removal by the town marshal on the order of said board of trustees," after the giving of certain prescribed notice to the owner. In December, 1909, the board of trustees, by

resolution, declared that, "owing to its unsafe and unsanitary condition," appellees' barn constituted a public nuisance in violation of the above ordinance, and directed its removal. Notice was subsequently served on appellees that the structure should be removed on or before June 11, 1910, but this order was not complied with, and, in August following, the town marshal, acting under the direction of the board of trustees, entered on appellees' premises and demolished the building in question.

Appellees subsequently instituted this action to recover damages for the alleged wrongful destruction of their property, and, from a judgment in their favor, this appeal is prosecuted. The sole error assigned challenges the action of the circuit court in overruling appellant's motion for a new trial.

The transcript of the evidence in this case covers 280 pages of the record, but in the preparation of its brief appellant sets out only a copy of the documentary proof showing the passage of the ordinance above quoted and the notice to appellees, a copy of the deed of the property in question to appellees, and a condensed recital in six lines of the testimony of the town marshal, who carried out the order of the board of trustees. This is clearly an insufficient presentation of the evidence under the requirements of Rule 22, and that fact is now relied on by appellee as showing a waiver of most of the grounds in appellant's motion for a new trial. A review of the evidence, or of portions thereof, would be essential to our consideration of appellant's contentions: (1) That the verdict is not sustained by sufficient evidence; (2) that the damages are excessive; (3) that the court erred in refusing appellant's

request for a peremptory instruction in its favor and in refusing its tendered instructions Nos. 1, 2, 3 and 4; and (4) that the court erred in certain rulings on the admission and exclusion of evidence, but, under many decisions of this and the Supreme Court, we are now precluded from considering any of the above contentions. *Meno* v. *State* (1917), 186 Ind. 4, 114 N. E. 689, 690; *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 114 N. E. 869, 871; *Adolph Kempner Co.* v. *Citizens Bank, etc.* (1917), 64 Ind. App. 632, 116 N. E. 440, 443; *Johnson* v. *Bebout* (1915), 59 Ind. App. 159, 160, 108 N. E. 967.

The principal questions sought to be presented, however, arise out of the action of the trial court in giving to the jury instructions Nos. 7, 8, 9, 12, 14 and 15, and we proceed now to their consideration, with a view to determine whether, under any supposable state of the evidence, their giving was proper.

Instruction No. 8 reads as follows: "In this case it is claimed by the defendant that when it passed a resolution condemning the property of the plaintiffs as a public nuisance, that at that time the building described in the complaint was so kept and managed that it was a public nuisance, and it is claimed by the plaintiffs that after the passage of said resolution made by the defendant that the plaintiffs abandoned the use of the livery barn and for which it was then used. Now I instruct you that even if, at the time of the passage of said resolution, the building was so used that it was a public nuisance, and that in April afterward the plaintiffs abandoned the use thereof, which made it a public nuisance, and long before it was destroyed the manure and offal had been hauled away, and the pile of manure and dirt removed. and

the building was unoccupied, closed and locked, and was in a reasonably safe condition on the 3rd day of August, 1910, when the defendant, by its officers and employes, demolished said building, then I instruct you that the defendant, if you find such to be the facts in this case, under the evidence, had no right to demolish and destroy said building, and the act of destroying and demolishing the same by the defendant's town marshal and those employed by him was wrongful, and the plaintiffs, if they were the owners of said building, would be entitled to recover such damages as, under the evidence and instructions in this case, was done to said property by said defendant.''

In attacking this instruction, and others which present various phases of the same issue, appellant does not question the rule that a municipal corporation is liable for the wrongful acts of its officers which are either expressly authorized by the governing body of the corporation or are done by such officers without special authority, but within the scope of their duties and employment, and are subsequently ratified by the municipality. 4 Dillon, Mun. Corp. (5th ed.) §1652, and cases there cited. The contention is made, however, that the pleadings and the evidence in this case show that the act of the town marshal was not wrongful, but was done under the express and proper direction of the board of trustees. Reliance is placed on the authorities which hold in substance that a town board of trustees has power to declare what constitutes a nuisance and to take such steps as are necessary and proper to prevent, abate and remove the same; and that an ordinance adopted by the board under such power, if within constitutional

limitations, cannot be attacked as unreasonable when invoked in the individual case. *Beiling* v. *City of Evansville* (1896), 144 Ind. 644, 648, 42 N. E. 621, 35 L. R. A. 272; *Skaggs* v. *City of Martinsville* (1895), 140 Ind. 476, 478, 39 N. E. 241, 33 L. R. A. 781, 49 Am. St. 209; *Steffy* v. *Town of Monroe City* (1893), 135 Ind. 466, 467, 35 N. E. 121, 41 Am. St. 436; §9005, cl. 4, Burns 1914, Acts 1905 p. 219, §31.

The rule announced in these authorities is too firmly established to require discussion in this opinion, but appellant, in its invocation of that rule, seems to lose sight of appellees' contention that the act of the town marshal did not constitute an abatement or removal of a nuisance, but was, in fact, a destruction of private property without just cause.

As stated in *City of Evansville* v. *Miller* (1897), 146 Ind. 613, 618, 45 N. E. 1054, 1056, 38 L. R. A. 161:

"The rule is well settled that a municipal corporation, although empowered by law to declare what shall constitute a nuisance, may not declare that to be one which in fact is not."

We think it a matter of judicial knowledge that a frame barn, or similar structure, lawfully and properly erected and maintained on private property in a reasonably safe condition, cannot, in and of itself, be a public nuisance. *Baumgartner* v. *Hasty* (1885), 100 Ind. 575, 576, 50 Am. Rep. 830. The use or the condition of that structure, however, may become objectionable, and steps may then be taken to abate or remove the nuisance thus created, provided that such power is not exercised to a degree greater than is necessary to preserve the public interest. If the nuisance arises

out of the improper use of a building, and is not inherent in the structure, the municipal corpo-

5.    ration may regulate the matter of use, but it has no right, in the exercise of its police or other power, to order a destruction of the building; and, if the offense is inherent in the structure, a demolition thereof may not be resorted to, if, prior to the exercise of municipal authority, the objectionable features have been eliminated by the property owner. *First Nat. Bank, etc.* v. *Sarlls* (1891), 129 Ind. 201, 206, 28 N. E. 434, 13 L. R. A. 481, 28 Am. St. 185; *Barclay* v. *Commonwealth* (1855), 25 Pa. St. 503, 505, 64 Am. Dec. 715; *Miller* v. *Burch* (1869), 32 Texas 208, 210, 5 Am. Rep. 242.

Under the authorities just cited, instructions Nos. 8, 9, 12, 14 and 15 are clearly correct in their enunciation of the law, and they may be sustained with-

6.    out separate discussion. Instruction No. 15 is practically a repetition of instruction No. 8 and is further challenged on that ground, but the single repetition of a correct proposition of law in the course of nearly thirty instructions given does not constitute reversible error, even though not good practice. *Terry* v. *Davenport* (1908), 170 Ind. 74, 77, 83 N. E. 636; *Herbert* v. *Drew* (1869), 32 Ind. 364, 365.

Instruction No. 7 is incomplete, in that it fails to point out the effect of a private abatement of a nuisance which is about to become the object of

7.    municipal action, but this omission, and the error, if any, which was occasioned thereby, operated in appellant's favor, and it may not now complain.

No other questions are properly presented, and a

consideration of the entire record convinces us that substantial justice has been done. Judgment affirmed.

NOTE.—Reported in 121 N. E. 4. Municipal corporations: powers to prevent or abate nuisance, 36 L. R. A. 599; extent of power over buildings as nuisance, 38 L. R. A. 161. See under (2) 28 Cyc 715; (4) 28 Cyc 753.