Sanders-Egbert Co. *v.* Getts—80 Ind. App. 328.

---

SANDERS-EGBERT COMPANY *v.* GETTS ET AL.

[No. 11,718. Filed October 2, 1923.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—*Questions Presented for Review.*—*Statement of Evidence.*—No question is presented for review on appeal as to the sufficiency of the evidence where appellant in its brief set out only one of ten exhibits, and the evidence of but two of ten witnesses, with but a bare reference to two others, and appellees have declined to supply the deficiency. p. 329.

2. APPEAL.—*Review.*—*Request for Oral Argument.*—A request on appeal for oral argument, filed after the distribution of the case for decision, *held* the request filed too late and denied. p. 329.

From the Industrial Board of Indiana.

Proceeding for compensation under the Workmen's Compensation Act by Cora M. Getts and others against the Sanders-Egbert Company. From an award for applicants, the defendant appeals. *Affirmed.*

*John A. Bloomingston,* for appellant.
*Redmond and Emerick,* for appellees.

NICHOLS, J.—Action by appellees against appellant before the Industrial Board for compensation because

of the death of Clifford F. Getts, husband of appellee Cora M. Getts, and father of the other appellees.

The controlling question at the hearing before the board was whether the deceased was an employe of appellant or of an independent contractor. This involves the sufficiency of the evidence to sustain the award. Of the ten exhibits introduced in evidence but one is set out. Of the ten witnesses examined there is no pretense of setting out the evidence of but two, with but a bare reference to two others. Appellees have declined to supply the deficiency, but stand on their rights under the rules of the court. Under the repeated decisions of this court and of the Supreme Court, we are justified in holding that no question is presented. *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *Terre Haute, etc., Traction Co.* v. *Wolford* (1918), 187 Ind. 91, 118 N. E. 564; *Pittsburgh, etc., R. Co.* v. *Retz* (1919), 71 Ind. App. 581, 125 N. E. 424; *Lewis* v. *Michigan Stove Co.* (1913), 54 Ind. App. 1, 102 N. E. 391; *Miller* v. *Berne Hardware Co.* (1917), 64 Ind. App. 473, 116 N. E. 54; *Town of Bloomfield* v. *West* (1918), 68 Ind. App. 568, 121 N. E. 4; *State, ex rel.* v. *Stevens* (1918), 69 Ind. App. 137, 121 N. E. 371; *Leedy* v. *Idle, Trustee* (1918), 69 Ind. App. 105, 121 N. E. 323.

We may say, however, that the meager statement of the evidence as found in appellant's brief is sufficient to sustain the award. Since the distribution of this case, appellant has filed a request for oral argument, but the request comes too late, and is therefore denied.

The award is affirmed.