**SMITHDEAL v. AMERICAN AIR LINES, Inc.**

No. 3090.

United States District Court
N. D. Texas, Dallas Division.

Oct. 13, 1948.

C. M. Smithdeal, of Dallas, Tex., in pro. per.

Raymond Buck, of Fort Worth, Tex., for American Air Lines, Inc.

H. P. Kucera, City Atty., of Dallas, Tex., for City of Dallas, intervenor.

Wm. P. Fonville, Asst. U. S. Atty., of Dallas, amicus curiae for the United States.

Emory T. Nunneley, Jr., John H. Wanner, Oliver Carter, and Robt. Burstein, all of Washington, D. C., for Civil Aeronautics Board.

ATWELL, Chief Judge.

The suit must be dismissed, not because of want of jurisdiction, as urged by the defendant, nor because of laches, nor because of the balancing of equities, but because the plaintiff's proof does not preponderate.

#### First.

The plea to the jurisdiction is overruled because there is nothing in the Aviation Act, either state or national, which requires the citizen to first seek any specified administrative remedy, before appealing to the courts.

### Second.

Laches, following closely legal limitation, is avoided in this action because it is laid in 1947 and 1948.

### Third.

The balancing of equities is sought on the ground of the investment of approximately $10,000,000 in Love Field by the City of Dallas, the government of the United States, and the Air Lines.

It is urged that the humble residence of a citizen and his inconvenience, or, sensitiveness to noise, should be subordinate to that superior investment. The law may be epitimized by simply saying that the citizen's residence is "his castle and even the king may not enter without his permission." That eminent domain may be asserted, is no answer, because a constitutional amendment gives the citizen adequate compensation for that which is taken.

There are a great many authorities that have been presented by each interested party and which shed little, if any, pertinent light upon the question involved here. These authorities are assembled for the convenience of the student a little later on.

■ This is not a complaint for trespass. It is for an alleged nuisance. The plaintiff claims the right to enjoy immunity from such flights of airplanes as his sensitive ear and his pride of home and ownership dislike. He claims they frighten him. That they interfere with his hearing over the radio. That they interrupt conversation between himself, visitors and his family. He claims that they rattle the leaves on the trees that surround his home; that upon one occasion they rattled the dishes in his cupboard. He claims that upon a few occasions the defendant's planes flew three hundred to five hundred feet over his lot which is approximately 80 by 200 feet. That frequently they fly one thousand feet or more above. He does not claim that he has exercised any ownership or possession over the air which is above his home lot, but that he has a right to such placidity in that atmosphere as does not impede his enjoyment and satisfaction and comfort in his home.

On this question of altitude, the testimony does not preponderate in his favor. Upon the question of rustling leaves and radio interference and conversation interference, there is, apparently, nothing in that claim except occasionally as a noise made for the instant calls for a repetition, or, for a slight interruption of the regular stream of the exchange of thoughts by words. The occasional tremor is no more than that occasioned by a train, heavily loaded and moving at a good pace at some distance away.

All of these things are suffered or enjoyed by all of the people. They are the elements of progress.

The plaintiff continues to live in his home, which he established eight or ten years after Love Field had been established. He knew airplanes were flying and would continue to fly from that airfield. The perimeter of that field is approximately two or three miles distant from his property. The pilots of the defendant do not seem to have even known the plaintiff, nor where his residence was, nor is there any testimony whatever of any "mean and nasty" interference with the plaintiff's pleasure in the matter of ownership and enjoyment. There is no testimony that the altitudes and frequency is a direct and immediate interference with the use and enjoyment, by the plaintiff, of his property, which has resulted, or, will result, in substantial injury or damage.

Some of the promised authorities I here give: Air Commerce Act 1926, 44 Stat. 568, 49 U.S.C.A. § 171 et seq.; Civil Aeronautics Act of 1938, 52 Stat. 973, 49 U.S.C.A. § 401 et seq.; Federal Airport Act, 49 U.S.C.A. § 1101 et seq. Texas Statutes Aeronautics Act 1945, Vernon's Annotated Texas Civil Statutes, art. 46c—1, subd. 11, Acts of 1945, 49th Legislature, p. 580; Airport Acts 1931, c. 250, 1947, c. 273, Vernon's Ann.Civ.St. art. 1107, subd. 5, 1269h, § 1, subds. D, E; Municipal Airports Act, 1947; Vernon's Ann. Civ.St. art. 46d—1 et seq., Civil Air Regulations of Aeronautics Board. Hinman v. Pacific Air Transport Corp., 9 Cir., 84 F. 2d 755; Id., 300 U.S. 654, 655, 57 S.Ct. 431, 81 L.Ed. 865; Swetland v. Curtiss Airports

Corp., D.C., 41 F.2d 929; United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; Neiswonger v. Goodyear Tire & Rubber Co., D.C., 35 F.2d 761; Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670; Miller v. Burch, 32 Tex. 208, 5 Am. Rep. 242; Trueheart v. Parker, Tex.Civ. App., 257 S.W. 640; Shamburger v. Scheurrer, Tex.Civ.App., 198 S.W. 1069; Missouri, K. & T. Ry. Co. v. Anderson, 31 Tex. Civ.App. 121, 81 S.W. 781; City of Dallas v. Newberg, Tex.Civ.App., 116 S.W.2d 476; Iford v. Nickel, Tex.Civ.App., 1 S.W.2d 751; Thrasher v. City of Atlanta, 178 Ga. 514, 173 S.E. 817, 99 A.L.R. 158; Oliver v. Forney Cotton Oil & Ginning Co., Tex. Civ.App., 226 S.W. 1094; Royalty **v.** Strange, Tex.Civ.App., 220 S.W. 421; Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833; Hughes v. Jones, Tex.Civ. App., 94 S.W.2d 534; Galveston, H. & S. A. Ry. Co., v. De Groff, 102 Tex. 433, 118 S.W. 134, 21 L.R.A.,N.S., 749; City of Harrisonville v. W. S. Dickey Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208; Georgia R. & Banking Co. v. Maddox, 116 Ga. 64, 42 S.E. 315. Brooks **v.** Patterson, Fla., 31 So.2d 472.

The cause will be dismissed.